# UNITED STATES v. McDONALD.

APPEAL FROM THE COURT OF CLAIMS.

No. 1161. Submitted November 5, 1888. — Decided November 26, 1888.

The claim of a navy officer for his expenses when travelling under orders rests, not upon contract with the government, but upon acts of Congress; and when part of such a journey is performed when one statute is in

force, and the remainder after another statute takes effect, providing a
different rate of compensation, the compensation for each part is to be
at the rate provided by the statute in force when the travelling was
done.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Howard* and *Mr. F. P.
Dewees* for appellants.

*Mr. John Paul Jones* and *Mr. Robert B. Lines* for appellee.

MR. JUSTICE LAMAR delivered the opinion of the court.

This is an appeal by the United States from a judgment of
the Court of Claims. The appellee, Joseph McDonald, (plain-
tiff below,) a boatswain in the navy, on the 21st of June,
1876, was ordered by Rear Admiral Werden, commanding at
Callao, Peru, " to proceed to your home in the United States,
and upon your arrival, report to the honorable the Secretary
of the Navy." Pursuant to said order, McDonald travelled
from Callao to Washington, *via* Panama, and reported as
directed.

By the act of June 16th, 1874, 18 Stat. 72, c. 285, " only
actual travelling expenses " were " allowed to any person hold-
ing employment or appointment under the United States."
By the act of June 30th, 1876, 19 Stat. 65, c. 159, so much of
the preceding act as was " applicable to officers of the navy "
was repealed ; " and the sum of eight cents per mile " was
" allowed such officers " " in lieu of their actual expenses."

The journey from Callao to Panama was made prior to
June 30th, 1876, and from Panama to Washington after that
date. He was paid his actual travelling expenses for the
whole distance, to wit, $256.60, under the 1st section of the
act of June 16th, 1874. McDonald claimed that he should
have received eight cents per mile for the distance actually
travelled, under the act of June 30th, 1876, which would have
been $368, or $111.40 in excess of the amount received by
him.

The Treasury Department having refused to accede to his

demand, he brought suit in the Court of Claims against the United States to recover said sum of $111.40.

That court held, that McDonald should receive only his actual expenses for that part of his journey performed prior to the passage of the act of June 30th, 1876, to wit, from Callao to Panama, and mileage for that portion performed after the passage of said last-mentioned act, to wit, from Panama to Washington; and rendered judgment in his favor accordingly for $74, that amount being the excess of such mileage from Panama to Washington, over and above his actual travelling expenses for that portion of his journey. An appeal by the United States from this judgment brings the case here.

It is contended on behalf of the United States that the order was made and the travel undertaken while the law of 1874 was in force, and therefore with the understanding that only actual travelling expenses should be paid; and that the rule as to payment under a contract is, that the terms under which the contract is undertaken shall control the amount to be paid. The reply to this is that the claim of this officer rests not upon any contract, expressed or implied, with the government, but upon the acts of Congress which provide for his compensation. The case cited by the Assistant Attorney General in support of his contention, *Washington &c. Packet Company* v. *Sickles*, 10 How. 419, was a suit upon a special contract between private parties.

The compensation paid to public officers of the United States for their services, or for travelling expenses incidental thereto, is always under the control of Congress, except in the cases of the salaries of the President and the judges of the courts of the United States. As said by this court, in *Embry* v. *United States*, 100 U. S. 680, 685, " all agree that Congress has full control of salaries, except those of the President and judges of the courts of the United States. The amount fixed at any one time may be added to or taken from at will. No officer except the President or a judge of a court of the United States can claim a contract right to any particular amount of unearned compensation."

The act of June 30th, 1876, having repealed that of June

16th, 1874, so far as it applied to the travelling expenses of officers of the navy, became operative upon the date of its approval, and thereafter the travelling expenses were regulated and defined by its provisions. Had the court decided in favor of the contention of the appellants that the claimant was entitled to his travelling expenses only, it would have enforced a repealed statute, and would have disregarded the provisions of existing law.

The judgment of the Court of Claims is

*Affirmed.*