Peelle, Ch. J.,
delivered the opinion of the court:
When the claimant entered the service Revised Statutes, section 1289, was in force. That section provided that when *308 not furnished in kind the officer should be “ allowed travel pay and commutation of subsistence, according to his rank, for such time as may be sufficient for him to travel from the place of his discharge to the place of his residence or original muster into service, computed at the rate of one day for every twenty miles.”
That section continued in force until, by the act of May 26, 1900 (31 Stat. L., 210), travel pay, upon the discharge of an officer, was fixed at 4 cents per mile from the place of his discharge to the place of his residence at the time of his appointment or to the place of his original muster into the service.
The purpose of both statutes was to meet the probable expenses of transportation and subsistence from the place of discharge to the place where the officer entered the service, and was in the nature of indemnity (see Sherburne’s case, 16 C. Cls. R., 491).
That it was within the power of Congress to change the law after the claimant had entered and while he was in the service is not controverted (Embry v. United States, 100 U. S., 680, 685; United States v. McDonald, 128 U. S., 471, 473). That being so, and the claimant having been paid under the act in force when he was discharged and having accepted the same without objection or protest so far as appears of record, the claim, instead of resting in equity and good morals, as the claimant contends, is one the settlement of which, under the law in force at the time, should be considered as final.
The foregoing finding, together with a copy of this opinion, will be certified to Congress.