PeelijE, Ch. J.,
delivered the opinion of the court:
When the claimant entered the service Revised Statutes, section 1289, was in force. That section provided that when not furnished in kind the officer should be
“ allowed travel pay and commutation of subsistence, according to his rank, for such time as may be sufficient for him to travel from the place of his discharge to the place of his residence, or original muster into service, computed at the rate of one day for every twenty miles.”
That section continued in force until, by the act of May 26, 1900 (31 Stat. L., 210), travel pay, upon the discharge of an officer, was fixed at 4 cents per mile from the place of his. discharge to the place of his residence at the time of his appointment or to the place of his original muster into the service.
The purpose of both statutes was to meet the probable expenses of transportation and subsistence from the place of discharge to the place where the officer entered the service, and was in the nature of indemnity. (See Sherburne’s case, 16 C. Cls. R., 491.)
That it was within the power of Congress to change the law after the claimant had entered and while he was in the service is not controverted. (Embry v. United States, 100 XT. S., 680, 685; United States v. McDonald, 128 U. S., 471, 473.) In the latter case, involving a question similar to the one in the present case, it was held that the claim rested “ not upon any contract, express or implied, with the Government, but upon the acts of Congress which provide for his compensation.” And, further, it was said that “ the compensation paid to public officers of the United States for their services or for traveling expenses incidental thereto is always under the control of Congress, except in the cases of the *535 salaries of the President and the judges of the courts of the United States.”
It follows that as the claimant in the present case was paid under the act in force when he was discharged, the legal liability of the Government was thereby satisfied; and as the law has determined the claimant’s right, equity can not intermeddle. Equity can not be invoked to abrogate even the rigor of the law. Hence, any additional payment to the claimant for the travel performed by him is a matter resting not on legal or equitable grounds, but alone in the bounty of Congress.
The foregoing finding, together with a copy of this opinion, will be certified to Congress.