## LEONARD *v.* UNITED STATES.

No. 183. Argued January 17, 1929.—Decided February 18, 1929.

*Mr. George A. King,* with whom *Messrs. Wm. B. King* and *George R. Shields* were on the brief, for petitioner.

*Solicitor General Mitchell* and *Assistant Attorney General Galloway* submitted for the United States.

Mr. Justice Stone delivered the opinion of the Court.

This case is here on writ of certiorari, granted October 8, 1928, under § 3 (b) of the Act of February 13, 1925, to review a judgment of the Court of Claims, 64 Ct. Cls. 384, denying recovery of additional pay claimed to be due to petitioner as a major in the Marine Corps on the retired list. Petitioner, because of wounds received in battle, was retired on September 30, 1911, when his active service was a little more than thirteen years. He was later, at various times, detailed to active duty, making his total active service, both before and after his retirement, more than seventeen years. His service, both active and retired, amounted to more than twenty-seven years at the time this suit was brought. The question presented is whether the Court of Claims correctly held that the years spent by him in inactive service on the retired list could not be counted in determining the amount of his base or period pay as an officer on the retired list.

The pay and allowances of officers of the Marine Corps, and provisions for their retirement, are in general the same as those of like grades in the Army. R. S. §§ 1612, 1622. Under R. S. § 1274, officers retired from active service are entitled to receive 75% of the pay "of the rank upon which they are retired." Before the Act of June 10, 1922, c. 212, 42 Stat. 625, officers in the Army received pay based upon rank, $2,500 a year in the case of a major, R. S. § 1261, increased to $3,000 by Act of May 11, 1908, c. 163, 35 Stat. 106, 108, and a certain additional amount, termed "longevity pay," based on length of service. R. S. §§ 1262, 1263, and Act of June 30, 1882, c. 254, 22 Stat. 117, 118.

In *United States* v. *Tyler*, 105 U. S. 244, decided in the October term, 1881, this Court held that under the appli-

cable statutes a retired army officer was entitled to count the period during which he had been on the retired list in computing longevity pay. The effect of this decision was modified by the Act of March 2, 1903, c. 975, 32 Stat. 927, 932, which provided that "except in case of officers retired on account of wounds received in battle," officers then or later retired should not receive further increases in longevity pay for retired service. Under these provisions the petitioner was entitled, after his retirement in 1911, to 75% of the base pay of a major, $3,000 a year, and as his retirement was because of wounds received in battle, he was permitted by the Act of 1903 to count his period of retirement in determining the amount of his longevity pay.

By the Act of June 10, 1922,[1] revising generally the scheme of service pay, a new schedule of base and longevity pay was adopted. The amount of base pay was fixed with reference to specified pay periods and was made to depend both upon rank and length of service. Under it majors who had completed fourteen years of service were to receive fourth period pay of $3,000 per annum,

---

[1] An Act To readjust the pay and allowances of the commissioned and enlisted personnel of the Army, Navy, Marine Corps . . .

*Be it enacted* . . . That, beginning July 1, 1922, for the purpose of computing the annual pay of the commissioned officers of the Regular Army and Marine Corps below the grade of brigadier general . . . pay periods are prescribed, and the base pay for each is fixed as follows:

.        .        .        .        .

The pay of the fifth period shall be paid to . . . majors of the Army . . . and officers of corresponding grade who have completed twenty-three years' service: . . .

The pay of the fourth period shall be paid to . . . majors of the Army . . . and officers of corresponding grade who have completed fourteen years' service, . . .

.        .        .        .        .

Every officer paid under the provisions of this section shall receive an increase of 5 per centum of the base pay of his period for each

and majors of twenty-three years of service fifth period pay of \$3,500. It also provided that an officer should receive an increase of 5% of the base pay of his period for each three years of service up to thirty years, with certain limitations not now important.

As this Act, effective July 1, 1922, provided that it should not operate to authorize an increase or decrease in the pay of officers on the retired list on June 30, 1922, the petitioner continued after its enactment, as before, to be entitled to base pay of \$3,000 a year as fixed by the Act of May 11, 1908, and to longevity pay as fixed by other applicable provisions of the statutes. But by the Act of May 8, 1926, c. 274, 44 Stat. 417, enacted " to equalize the pay of retired officers," the benefits of the Act of June 10, 1922, were to some extent extended to officers retired on or before June 30, 1922, by providing that the retired pay of such officers should not be less than that provided for " officers . . . of equal rank and length of service retired subsequent to that date."

Petitioner has received longevity pay as a major of twenty-seven years service, his right to which is not

---

three years of service up to thirty years: . . . Nothing contained in the first sentence of Section 17 or in any other section of this Act shall authorize an increase in the pay of officers or warrant officers on the retired list on June 30, 1922.

For officers appointed on and after July 1, 1922, no service shall be counted for purposes of pay, except active commissioned service under a Federal appointment and commissioned service in the National Guard when called out by order of the President. For officers in the service on June 30, 1922, there shall be included in the computation all service which is now counted in computing longevity pay . . .

Sec. 17. That on and after July 1, 1922, retired officers and warrant officers shall have their retired pay, or equivalent pay, computed as now authorized by law on the basis of pay provided in this Act: *Provided*, That nothing contained in this Act shall operate to reduce the present pay of officers . . . now on the retired list . . .

contested. He has also received 75% of the base pay for the fourth period as prescribed by the Act of June 10, 1922, for a major of more than fourteen years service. If entitled to base pay calculated on the twenty-seven years of his total active and inactive service, he should receive, under the provisions of the 1926 Act, the benefit of the higher pay of the fifth period, 75% of the difference between this pay and the base pay for the fourth period being the amount involved in the present suit.

It is not denied that petitioner should be allowed to count his entire period of active service, including that since his retirement, of more than seventeen years, which would entitle him to pay of the fourth period which he is now receiving, and it is argued by petitioner that the benefits of the Act of June 10, 1922, which by the Act of May 8, 1926, were extended to all retired officers, include, in the case of petitioner, the right to count inactive service in computing base pay. This claim is based on the provision of the Act of March 2, 1903, allowing officers whose retirement was on account of wounds received in battle, as was petitioner's, to count retired service in computing longevity pay and on the clause in the Act of 1922 which provides that "for officers in the service on June 30, 1922, there shall be included in the computation all service which is now counted in computing longevity pay."

That this latter clause, when enacted, was intended to include only officers then in active service is, we think, apparent on an inspection of the whole 1922 Act. As already noted, the pay of officers on the retired list remained unaffected by this legislation at the time of its enactment. Section 1 expressly stipulated that the act should not authorize any increase in the pay of officers already retired on June 30, 1922, and this provision must be read with the next sentence, save one, on which the petitioner relies. Having by the first clause excluded

retired officers from any increase authorized by the act, the later provision for computing the pay of "officers in service" by including all service then counted in computing longevity pay must be taken to have referred only to officers on the active list.

The equalization Act of May 8, 1926, was passed in order to correct certain inequalities in the pay of retired officers, due to the fact that the Act of 1922 was not, by its terms, applicable to officers retired before its effective date, and also to continue the former policy, exemplified by R. S. § 1274, of securing to retired officers proportionate benefits of increased pay legislation affecting officers on the active list. See House Report No. 857, 69th Congress, First Session.

But in carrying out this purpose, the 1926 Act did not strike down the provision of the 1922 Act expressly excluding from its benefits officers then retired and, as so modified, apply it to those officers. Had it done so it would more certainly have secured to officers retired before the effective date of the earlier act the benefit of the clause allowing all service counted in computing longevity pay to be included in the computation of base pay. Instead, by its terms, the Act of 1926 implies a comparison with an officer benefited by the 1922 Act, that is—so far as the clause of that act in question is concerned—an officer in active service on July 1, 1922.

Even assuming, as petitioner argues, that under the provisions of the 1922 Act, an officer then in active service would be entitled to count prior service while retired on account of wounds received in battle, in computing his base pay, which is not free from doubt,[2] it seems unlikely that Congress, by the equalization Act of 1926, meant to set up as a standard of comparison, a case so exceptional

[2] The compilers of the U. S. Code regarded the Act of 1903 as being repealed and consequently as permitting only active service to be included. See U. S. Code, Tit. 10, Sec. 683.

as that of an officer reappointed to active service after being retired, chancing to be engaged in such service on the operative date of the 1922 Act. It is argued by the Government that section 24 of the Act of June 4, 1920, c. 227, 41 Stat. 759, had rendered reappointments from the retired to the active service (as distinguished from temporary assignments of retired officers to active duty, like that of petitioner) practically impossible, except by special act of Congress. The Act is open to such a construction for it limited the number of commissions permitted in each rank, provided that vacancies should be filled from senior active officers of next lower rank and thus seemingly terminated the former practice of permitting appointments to the active service from those on the retired list.

It seems more reasonable to believe that Congress in general legislation of this character contemplated comparison only to a more universal standard—the normal case of an officer continually in active service until his retirement after July 1, 1922, and that consequently the 1926 Act should not be read to extend to officers retired before 1922, the benefits of the clause permitting active officers alone to include all service counted in computing longevity pay. There is nothing in the 1926 Act expressly indicating an intention of Congress to allow to an officer retired in 1911, the same base pay as that given to one who, appointed at the same time, had continued in active service until after the date of the 1922 Act—which is what petitioner contends. Moreover, the construction adopted by us is more in consonance with the policy seemingly expressed in the amendment to the 1922 Act contained in the Act of May 26, 1928, c. 787, 45 Stat. 774, that from and after July 1, 1922, only active service should authorize increases in the base pay.

On the facts presented we need not decide whether officers in active service on June 30, 1922, and retired after that date because of wounds received in battle were en-

titled to count such subsequent retired service in computing their base pay.

Recognizing the force of petitioner's argument and that the number and complexity of the statutes involved and their inept phrasing leave the question not free from doubt, we conclude that the construction given to them by the Court of Claims is the more reasonable one. The judgment is accordingly

*Affirmed.*

Mr. JUSTICE McREYNOLDS is of the opinion that the petitioner's claim is within the words of the statutes and should be allowed.