Whaley, Judge,
delivered the opinion of the court:
The plaintiff has been in the naval service since September 6, 1889, when he entered the Naval Academy as a cadet, now styled a midshipman. He was commissioned an assistant engineer in 1895. On March 3, 1899, by the Navy Personnel Act, effective that date, section 1, 30 Stat. 1005, the Engineer Corps of the Navy was merged with the line and its officers directed to be commissioned as such. He became on that date a lieutenant, junior grade, of the line of the Navy, and continued to serve as an officer on the active list until March 27, 1917. On that date, while holding the rank of commander, United States Navy, he was, in pursuance of the report of the retirement board, approved by the President, retired from active service by reason of chronic pulmonary tuberculosis, the result of an incident of the service. At the time of his retirement he had to his credit 27 years 6 months and 22 days’ active service.
Hardly had be been retired when war was declared between the United States and the German Empire, April 6, 1917, 40 Stat. 1. The day after the declaration of war, April 7, 1917, he entered upon active duty in time of war, on orders issued by the Navy Department^ and continued on active duty until February 21, 1920, upon which date he was relieved from all active duty, having served since retirement on active duty under orders and in time of war for 2 years 10 months and 14 days. His total active service as a commissioned officer was 30 years 5 months and 6 days. The plaintiff has been paid the retired pay of the fifth period, but he claims pay of the sixth period on and after May 8, 1926, for active service of over 30 years.
This case does not involve longevity pay, but covers base pay, or period pay, only, and the statutes relating to longevity pay are not in issue.
It has been settled law since the case of Leonard v. United States, 64 C.Cls. 384, that inactive service after retirement could not be counted, only active service. This court held in the above case: “We think there can be no doubt that the officer should be credited with all active service before *152 and after the date of his retirement.” This referred to period (or base) pay, and the Supreme Court, on review, 279 U.S. 40, 44, said: “ It is not denied that petitioner should be allowed to count his entire period of active service, including that since his retirement * *
The Comptroller General has held, 3 Comp. Gen. 212, 5 Comp. Gen. 1038, that active service performed (after retirement) prior to July 1, 1922, could be counted for period-pay purposes, but active service performed after June 30, 1922, under retirement, could not be so counted because, as he held, it was prohibited by the act of June 10,1922. There was no active service performed by plaintiff subsequent to June 30, 1922. Hence, the Comptroller General, this court, and the Supreme Court are all in accord as to holding that active service performed in retirement prior to July 1, 1922, can be counted for period-pay purposes.
The only remaining question to be considered, and which was not considered in the Leonard case, sufra, is the effect of the act of May 26, 1928, 45 Stat. 774, which amended the act of June 10, 1922. The act reads as follows:
“An Act to amend section 17 of the Act of June 10, 1922, entitled ‘An Act to readjust the pay and allowances of the commissioned and enlisted personnel of the Army, Navy, Marine Corps, Coast Guard, Coast and Geodetic Survey, and Public Health Service,’ as amended.
“ Be it enacted, by the Senate and House of Representatives of the United States of America in Congress, assembled, That section 17 of the Act approved June 10, 1922, entitled ‘An Act to readjust the pay and allowances of the commissioned and enlisted personnel of the Army, Navy, Marine Corps, Coast Guard, Coast and Geodetic Survey, and Public Health Service,’ as amended, is hereby further amended by inserting after the words ‘ provided in this Act,’ and before the next proviso, line three of said section, the following: ‘which pay shall include increases for all active duty performed since retirement in the computation of their longevity pay and pay periods.’
“And after the phrase, ‘ receive full pay and allowances,-’ at the end of the last line of said section, by changing the period to a comma and inserting thereafter the following: ‘ and when on active-duty status, shall have the same pay *153 and allowance rights while on leave of absence or sick as officers on the active list, and if death occurs when on active-duty status, while on leave of absence or sick, their dependents shall not thereby be deprived of the benefits provided in Act approved December 17, 1919, as amended, and in the act of June 4, 1920: Provided, That no back pay or allowances shall accrue by reason of the passage of this Act.”
It will be seen that the provisions of this act contain no inhibition against the plaintiff’s recovery; the 1928 act constituted an amendment of section 17 of the act of 1922 covering pay of retired officers, and added two provisions: (1) That in extending the pay rights of the act of 1922, increases should be included for all active duty performed since retirement in the computation of longevity pay and pay periods, and (2) that when on active-duty status retired officers should have the same pay and allowance rights while on leave of absence or sick as were extended to officers on the active list. The inhibition clause of the 1928 provision is limited to back pay accruing under the two items just mentioned. The amendment made by the act of May 26, 1928, added no new right and has no bearing on the case. Whether it was retroactive or not is immaterial. Plaintiff’s rights here do not arise under either of these two amendments, but were secured to him under the act of 1926, namely, that his retirement pay should not be less than the retired pay of a commander retired after June 30,1922, with active service of a total of 30 years. Plaintiff became entitled to receive the retired pay from and after May 8, 1926, of the sixth pay period. However, he has only received the retired pay of a commander with less than 30 years active service, namely, of the fifth period. The difference between the retired pay of the fifth and sixth periods, beginning May 8, 1926, he is entitled to receive. Judgment therefor will be entered upon receipt of a computation from the General Accounting Office showing the amount due. It is so ordered.
Williams, Judge; LittletoN, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.