Geeen, Judge,
delivered the opinion of the court:
The plaintiff is an employee of the Government in the Post Office Department. By the act of March 20, 1983, amended by the act of March 28, 1934, the President was authorized to reduce the salaries of Federal employees to an extent not exceeding fifteen percent, after having ascertained the percentage of the decline in the cost of living as compared with the six months’ period ending June 30, 1928, known as the “ base period.” Acting under this pro *410 vision of the law, the President ordered a reduction in the salaries and compensation of all Federal employees, and by reason of such order, during the period involved in the case, the plaintiff was paid a smaller sum than the amount of his salary as originally prescribed, and he now brings suit to recover the amount which was so withheld. . The defendant demurs on the ground that the petition does -not state a cause of action.
’ The petition shows that the President and the disbursing officials of the Government proceeded in accordance with the statute to which we have referred in making the reductions of which the plaintiff complains. But the plaintiff insists that the statute delegated to the President a power which could not be constitutionally conferred upon him. It is conceded by plaintiff that Congress may delegate some of the powers which it exercises, but it is argued that the power conferred upon the President in the instant case is exclusively legislative and under the Constitution can be exercised by Congress alone.
It will be observed that the act confers upon the President the. power to determine certain facts with reference to the cost of living within certain periods, and if certain facts are found to exist he is' authorized to make a reduction in the salaries of Government employees. Vlt is argued that Congress has no authority to delegate to the President the ascertainment of facts unless the problem involved has become so complex and detailed' that it is impracticable for Congress to properly deal with it except through an. administrative agency.’.-
It is specially contended that the power-to ascertain facts cannot be delegated unless it is necessary; that is, unless Congress itself is practically compelled to make the delegation, owing to the difficulty'in'making the ascertainment. The argument in effect is that if it is possible for .Congress itself without the aid of some administrative body to ascertain all • necessary-facts, then the-Constitution-forbids the delegation, of power for that purpose.
The case before us is in many respects similar to the case of Hampton & Co. v. Unted States, 216 U. S. 394. In the case cited it appeared that 'an act of Congress authorized the; *411 President, when he found and ascertained the difference between the cost of producing at home of certain articles and the cost of production abroad, to increase or decrease duties within certain limits so as to equalize this difference. In that case it was argued (see page 395) that there could be no necessity for delegating this power because Congress itself had been fixing tariff rates without difficulty since the origin of the Government. It was further contended that the act was unconstitutional because a certain amount of discretion was granted the President in fixing the rates and considering the difference in the cost of production, and especially because it was conceded that this difference could not be exactly established. It was also urged that it was unconstitutional to confer upon the President authority to ascertain the facts because of the nature of the office which he already held and the discretion that was vested in him by the act in question. All of these objections to the constitutionality of the act were’ held by the Supreme Court not .to be well founded. We think that the decision in the Hampton case disposes of all of the- questions raised by the plaintiff in attacking the constitutionality of the act now before the court.
It is conceded by both parties to the action that there are some powers of a legislative body that may be delegated and some that may not. We shall not undertake to formulate a rule by which the line between those which may be delegated and those which may not, can be-exactly traced. It may be said, however, in general that matters which are concerned solely with the public policy of some measure which is under consideration are legislative, but the ascertainment of facts, while often undertaken by legislatures, is not necessarily or exclusively a legislative duty, and we are of the opinion that in all cases Congress may delegate to others a fact-finding power which the legislature might rightfully exercise for itself\ It is insisted in plaintiff’s argument, however, that the delegation of legislative power is permissible only when a necessity exists for it and that the power to make a finding of facts cannot be delegated unless the problem involved is so complex and detailed that it is impracticable for Congress to properly deal with *412 it except through an administrative agency. In support of this position, plaintiff quotes from many writers on the subject now before us, statements which, taken by themselves, would indicate that if it is practicable for Congress to find the desired facts for itself the power cannot be delegated to make the ascertainment. We are inclined to' think that the writers from whose works these quotations were made intended that their language should apply to- particular cases and we are' clear that the decisions in the Hampton case and other cases to which we shall refer show that the validity of the delegation of power does not depend upon the amount of time that it might take to ascertain the necessary facts or the amount of work or labor involved in their ascertainment. It is true that the courts in close cases, where it was hard to draw the line between legislative matters of policy and administrative matters of fact, have gone into the question of whether it was practicable in the particular case then considered for Congress itself to exercise the powers which were delegated, and having found that it was not, the courts have in these cases based their decisions largely upon this conclusion. But no intimation is found in any of these cases that if the facts desired to be ascertained had been comparatively few and simple it would not be within the power of Congress to delegate the power to ascertain them. Conceding for the purpose of the argument alone that in the instant case Congress, without any great difficulty, could have made the necessary ascertainment of facts, we do not think that that affects the validity of the act in question. In all cases we come in the end to the same ultimate question, namely, whether the power delegated is administrative or legislative.
In the argument in the Hampton case it was asserted that since Congress itself from the beginning of the Government had without any difficulty fixed the tariff rates with reference to thousands of different articles included in tariff acts there could be no necessity of delegating the power to fix the comparatively few rates which would be affected by the act then in question. This assertion could not be denied but the point made in argument that the statute then under consideration was unconstitutional by reason of these circumstances was *413 not considered worthy even of comment thereon in the argument of plaintiff or the opinion of the Supreme. Court. In Field v. Clark, 143 U. S. 649, the same situation prevailed. There would have been no. difficulty in the case in Congress determining for itself the facts which the President was authorized to find. The point now made in the. instant case, however, was not presented nor ruled ups>n in the case .last cited. The court, however, did call attention to numerous instances beginning with the embargo case of The Brig Aurora, T Cranch, 382, 388, in which the validity of-the act then under consideration was sustained, and showed that for more than a hundred years Congress had been delegating the power to determine facts which should determine the effect of laws passed by that body and the court said:
“If the decision in the case of The Brig Aurora had never been rendered, the practical construction of the Constitution, as given by so many acts of Congress, and embracing almost the entire period of our national existence, should not be overruled, unless upon a conviction that such legislation was clearly incompatible with the supreme law of the land.”
In nearly all of the instances cited in the Field case, supra, it would have been comparatively easy for Congress to determine the necessary facts for itself. We think the rule laid down in the quotation set out above clearly, applies to the case now before us and that a determination of the ease might properly be made without continuing the discussion. We shall, however, make further reference to statements in the Supreme Court decisions which, in our view, sustain the validity of the statute involved in the instant case. Commenting on the decision in Field v. Clark, supra, the court said in the Hampton case that—
“What the President was required to do was merely in execution of the act of Congress. .It was.not the making of law. He was the mere agent of the lawmaking department to ascertain and declare the event upon which its expressed will was to take effect.”
It is true that in the Hampton case the President was “provided with a body of investigators who were to assist him in obtaining needed data and ascertaining the facts' justifying readjustments.” In the particular case before us the Presi *414 dent could also' invoke the assistance of experts in the Government service if necessary. ■
Objection is further made that the President in determining the index figure to be used was authorized to apply to other facts first determined" “such principles as he may find proper.” But this is nothing new. The President was authorized to determine an ultimate fact and Ms conclusion in relation thereto was necessarily derived from other facts. The determination of an ultimate fact from other facts must necessarily 'proceed on certain principles, otherwise the conclusion is merely arbitrary and would be of no force and effect. A certain discretion of this kind will always be implied, if not expressly conferred. In the Hampton case the President was authorized to put the act in force whenever “he may deem” the duties imposed by other countries “to be reciprocally unequal and unreasonable * * * for such time as he shall deem just.” In determining what was reasonable and just, the President necessarily must apply certain principles. The act under consideration in the case at bar permitted the President to apply “such principles as he may find proper.” No such provision is found in the act which is the subject of the Hampton case, but for the reasons above stated it must have been" implied.
It is also contended that the act now under consideration is unconstitutional because the authority to find the necessary facts was vested in the President, but in a number of ca-ses the Supreme Court has held valid acts of Congress which were similar in respect to this matter to the one we are now considering.
What we have said above should not be taken as holding that the questions of fact which the act authorized the President to determine were such as not to require much time or attention. It is claimed that the necessary facts were already shown by publications issued by the Bureau of Labor, which were accessible to Congress, but neither Congress acting alone nor the President under authority given him is bound by these publications, and certainly a somewhat extended examination would have to be made to determine whether proper methods had been used in reaching the conclusions stated in these publications.
*415 It is also urged that at the time the act was passed -it was not known whether or not a salary reduction was to follow, .and if it was to follow it was not known to just what'extent. It is therefore insisted that it was not the act of Congress that created the. reductions, if was the Executive order. Exactly the same kind of a situation prevailed in the Hampton ease, where it was not known in advance whether any tariff rates would be changed, and none of theih were to be changed except by the Executive order.
We do not think it necessary to consider further the argument made by plaintiff. We are satisfied that the act under consideration is constitutional and .valid. It follows that the demurrer must be sustained and plaintiff’s petition dismissed. It is so ordered.
Whaley, Judge; Williams, Judge; LittletoN, Judge; and Booth, Chief Justice, concur.