**LOWRY v. McCARL et al. ***

No. 6271.

United States Court of Appeals for the District of Columbia.

Argued Feb. 5, 1935.

Decided June 24, 1935.

Fred B. Rhodes and Cooper B. Rhodes, both of Washington, D. C., for appellant.

Leslie C. Garnett, U. S. Atty., Harry L. Underwood, Asst. U. S. Atty., R. L. Golze, and O. R. McGuire, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and HITZ and GRONER, Associate Justices.

HITZ, Associate Justice.

The appellant is a lieutenant commander in the United States Navy, so commissioned from lieutenant on June 1, 1933. The appellees are the Comptroller General of the United States and the Paymaster General of the Navy.

The appellant, having been selected for this promotion and accordingly commissioned, was not paid the full compensation of his new rank and service during the period from June 1, 1933, to July 1, 1934, as provided by the Act of June 10, 1922 (42 Stat. 629).

And upon filing a claim for such pay with the Comptroller General, the latter held appellant not entitled to the increased pay and allowances because of the provisions of section 201 of the act of Congress, approved June 30, 1932, commonly known as the Economy Act (47 Stat. 403), and because of section 4 of the Act of March 20, 1933 (48 Stat. 13), continuing the same (5 USCA § 673 note).

The appellant then filed his bill in the Supreme Court of the District of Columbia praying injunctive relief, which was dismissed on motion of the appellees. This motion to dismiss denied the jurisdiction of the court because of section 111 of the Act of 1932 (47 Stat. 403) and section 9 of the Act of March 20, 1933 (48 Stat. 13) (5 USCA § 673 note); denied that the bill stated a cause of action; alleged a lack of necessary parties; and other defects apparent on the face of the bill.

The pertinent sections of the act of 1933 merely continued in force for another year the pertinent sections of the act of 1932, which provided:

"All provisions of law which confer upon civilian or noncivilian officers or employees of the United States Government or the municipal government of the District of Columbia automatic increases in compensation by reason of length of service or promotion are suspended during the fiscal year ending June 30, 1933; but this section shall not be construed to deprive any person of any increment of compensation received through an automatic increase in compensation prior to July 1, 1932" (section 201).

"No court of the United States shall have jurisdiction of any suit against the United States or (unless brought by the United States) against any officer, agency, or instrumentality of the United States arising out of the application of any provision of this title, unless such suit involves the Constitution of the United States" (section 111).

As to the latter section appellant contends that he presents two distinct questions involving the Constitution: First, that without authority of law he is denied the pay which Congress in 1922 provided for officers of his rank and service. Second, that Congress was without authority to deprive the courts of jurisdiction by section 111 of the Economy Act.

But the bill having been filed, and having been followed by the motion to dismiss, it became necessary for the court to consider both the bill and the motion, whether the subsequent action of the trial court thereon was because of section 111 or because of a failure to state a cause of action, or for other grounds alleged in the motion and argued by counsel.

■ And the chancellor having dismissed the bill without assigning his reasons therefor, it follows that this court must in turn consider the bill and the motion as filed, though possibly a narrower field of inquiry might have arisen upon a narrower motion or upon a special appearance of the defendants. Section 201 of the Economy Act uses the all-inclusive terms "civilian or noncivilian officers," whereby Congress made plain its intention to include officers of the Army and Navy.

■ In United States v. McDonald, 128 U. S. 471, 473, 9 S. Ct. 117, 32 L. Ed. 506, which was a Navy case, the court said: "The compensation paid to public officers of the United States for their services, or for traveling expenses incidental thereto, is always under the control of congress, except in the cases of the salaries of the president, and the judges of the courts of the United States. As said by this court in Embry v. United States, 100 U. S. 680, 685 [25 L. Ed. 772]: 'All agree that congress has full control of salaries, except those of the president and judges of the courts of the United States. The amount fixed at any one time may be added to or taken from at will. No officer except the president, or a judge of a court of the United States, can claim a contract right to any particular amount of unearned compensation.'"

■ Congress having the power to regulate the pay of naval officers, and having indicated its purpose to do so in respect of automatic increases, the question presented by these pleadings is whether or not the bill sets forth a cause of action.

It alleges, "that after such appointment of the plaintiff as a lieutenant commander of the United States Navy he became and was entitled to receive the pay and allowances of a Lieutenant Commander of the

United States Navy, having completed fourteen (14) years' commissioned service."

And, "that the appointment and promotion of the plaintiff to the rank and grade of Lieutenant Commander of the United States Navy was not *an automatic promotion* within the meaning of said Economy Act, but was a selective and an earned appointment and promotion."

But section 201 suspended *"automatic increases* in compensation by reason of length of service or promotion."

And stripped of the appellant's inferences and conclusions, his bill contends that he was denied an *automatic increase* of pay normally incident to a promotion that was not automatic, but was made selectively as a result of examination by a board and the other proceedings usual in such promotions.

But the statute expressly denied an automatic increase of pay incident to a selective promotion, and, consequently, the claim made by the appellant here falls clearly within the statute.

By the course which this case took under the pleadings and practice adopted, the trial court actually exercised a jurisdiction in the controversy, and dismissed the bill after consideration thereof, and objections thereto.

Consequently the appellant's contention that the provisions of the economy act are unconstitutional because denying him a jurisdiction to which he was entitled, need not be considered, inasmuch as he has received the benefit of that jurisdiction on the bill that he filed.

The decree of the trial court is affirmed.