Laramore, Judge,
delivered the opinion of the court:
The facts in this case are identical to those presented in Akerson, et al. v. United States, ante, p. 551, this day decided. Plaintiffs are officers of the uniformed services who retired prior to June 1, 1958. For the period from June 1, 1958 to October 1, 1963, they received retired pay based on the active duty pay scales in effect on May 31,1958, plus a six percent cost-of-living increase. They claim for this period additional retired pay to be based on the active duty “basic pay” provided in the Act of May 20, 1958, 72 Stat. 122. Plaintiff’s claim, is not predicated on statutory interpretation as is the Alcerson petition. Plaintiffs appear to concede that they received all to which they were entitled under the Act. They base their claim on a challenge to the constitutionality of those provisions of the 1958 Act and the Uniformed Services Pay Act of 1963, 77 Stat. 210, which prevent them from computing their retirement pay on the basis of the 1958 Act’s basic pay scales. Defendant has filed a motion to dismiss the petition and plaintiffs have filed a cross-motion for summary judgment.
The essence of plaintiffs’ argument is that the United States offered to each officer who performed satisfactory and honorable service for the required number of years “retired *563 pay at tbe rate of 75% of active duty pay of bis rank thereafter provided by Congress.” Since each plaintiff accepted that “offer” and gave the United States the bargained-for performance, each plaintiff is entitled to the promised consideration. Under the plaintiffs’ theory, both the 1958 and the 1963 Acts breach the contract and, therefore, are unconstitutional under the Fifth Amendment.
The difficulty with this position, as defendant points out, is that there is strong authority for the counter-proposition that officers have no vested or contractual right to any particular amount of retired pay. The general rule has long been that “[a] soldier’s entitlement to pay is dependent upon statutory right * * * [and not upon] common-law rules governing private contracts * * Bell v. United States, 366 U.S. 393, 401 (1961). Cf., Leonard v. United States, 279 U.S. 40 (1929); United States v. McDonald, 128 U.S. 471 (1888) ; Byrd v. United States, 103 Ct. Cl. 285 (1945); Amchanitzky v. United States, 81 Ct. Cl. 409, cert. denied, 296 U.S. 598 (1935) ; Fulmer v. United States, 32 Ct. Cl. 112 (1897); Magaw v. United States, 16 Ct. Cl. 3 (1880); Lowry v. McCarl, 79 F. 2d 144 (D.C. Cir. 1935); Heidt v. United States, 56 F. 2d 559 (5th Cir. 1932). And since the pay of officers in the uniformed services is within the exclusive control of Congress, it was free to limit the benefits of the 1958 active duty pay increase to members on the active duty list.
This is not a harsh result. Plaintiffs do not claim that they were singled out for special unfavorable treatment. They admit that they received a substantial pay increase of six percent. In the conclusion to their brief, they concede that “Congress acted entirely within its constitutional power” in passing the 1963 legislation which ended “[t]he century old traditional concept of retirement pay,” but they argue that the new system is constitutional only as it affects newly commissioned officers who are now on notice. We fail to see how plaintiffs were hurt by either the 1958 or the 1963 legislation. They would have to concede that they would have no claim whatsoever under any of their theories had Congress not raised the active duty basic pay in 1958. So they have had to hitch their wagon to the star of those on *564 active duty. No doubt retirees from all industries and professions wish they could benefit from the high pay scales of the recent boom years, but it is difficult to see how there could be any “right” absent an express contract. Congress evidently felt that it had to raise the basic pay to attract and retain competent officers and enlisted men. Of course, the reasons for raising retired pay were different, and it seems that the cost-of-living increase was a perfectly fair solution.
In summary, the petition fails to state a claim upon which relief can be granted. Defendant’s motion to dismiss is granted. Plaintiffs’ motion for summary judgment is denied. The petition is dismissed.