SkeltoN, Judge,
delivered the opinion of the court:
Plaintiff, A. L. Abbott, and 2,078 other named plaintiffs, all of whom are retired personnel of the Armed Services or the Public Health Service, filed this suit to recover retired pay based on the active duty pay rates applicable to them, respectively, at the time of their respective retirements, plus all statutory active duty pay increases since their retirements, from June 1,1958, to the present time. This is a test case, the outcome of which will affect between 600,000 and 900,000 claims of retired government personnel, according to the plaintiffs. The plaintiffs have filed a motion for summary judgment and defendant has filed a motion to dismiss the plaintiffs’ petition on the ground that it fails to state a claim upon which relief can be granted. The case is before us on these motions.
The facts in this case are basically the same as those existing in the cases of Akerson v. United States, 175 Ct. Cl. 551 (1966), cert. denied, 385 U.S. 946, and Andrews v. United States, 175 Ct. Cl. 561 (1966). Those cases were considered together by the court and decided the same day. While some of the contentions of the plaintiffs in Alcerson were different to those alleged by the plaintiffs in Andrews, the overriding central issue in those cases, considered together as they were, was whether or not the 1958 amendment to the Career Compensation Act, Pub. L. No. 85-422, 72 Stat. 122, and the Uniformed Services Pay Act of 1963, Pub. L. No. 88-132, 77 Stat. 210, deprived the plaintiffs of their property without due process of law in violation of the fifth amendment and were, therefore, unconstitutional. We have the identical issue *387 presented to us again in tlie instant case. The plaintiffs contend here that they are asserting claims that were not raised in Akerson and Andrews, as will be discussed below, but they admit and allege that the fourteen causes of action set forth in their petition are based upon their contention that the above statutes violate the fifth amendment and are unconstitutional. Consequently, this is the ultimate issue in the case and controls its disposition.
In 1870, Congress established what is known as the “re-computation” system for determining retired pay of retired officers of the Armed Services. Ch. 294, § 24, 16 Stat. 320. In 1885 this was extended to enlisted personnel, 23 Stat. 305. Later on the system was extended to various other departments and grades. The recomputation system provided in general that the retired pay of an officer would be computed as a percentage of the active duty base pay being paid for the rank and grade he held at the time of his retirement, and such retired pay would be recomputed thereafter from time to time so as to allow him the same percentage of cwrrent active duty base pay provided for officers of the same rank and grade in the active service. In other words, after his retirement, each officer would get an increase in his retired pay based on each increase of active duty base pay provided from time to time by statute for officers of the same rank and grade in the active service. This recomputation system continued through the years and was incorporated by Congress in the recodified Title 10, United States Code in 1956. This system was the law until 1958 when Congress enacted an amendment to the Career Compensation Act (May 20, 1958, Pub. L. No. 85-422, 72 Stat. 122) which provided for a six percent increase in retired pay and a six and one-half percent increase in current active duty pay. This statute had the effect of suspending, but not repealing the 1956 provisions of Title 10, United States Code, mentioned above, which provided for the recomputation system for retired officers. The 1958 Act only deprived retired officers of one-half of one percent of what they would have received under the previously existing recomputation system because they got a flat six percent increase in retired pay, *388 whereas officers of the same rank and grade on active duty got a six and one-half percent increase in active duty base pay. The 1958 Act also provided that officers who had retired prior to the effective date of the Act would receive retired pay based on the old law plus six percent. The plaintiffs received retired pay computed in this manner until October 1, 1963, when the Uniformed Services Pay Act of 1963 was enacted (Pub. L. No. 88-132, 77 'Stat. 210). The 1963 Act repealed the provisions of the 1956 Act (Title 10, United States Code) that required recomputation and established a cost of living system which was tied to the Consumers Price Index. This new system fixed the retired pay of an officer who had retired prior to the effective date of the 1958 Act at a percentage of the active duty base pay being paid to officers of his grade and rank on June 1,1958, plus a percentage of the increase in the Consumers Price Index thereafter. Officers who retired on or after June 1, 1958, would receive retired pay based on a percentage of the active duty base pay he was receiving for his rank and grade at the time of his retirement, plus a percentage of any increase in the Consumers Price Index after his retirement. In other words, after retirement, the officer would no longer get the benefit of increased active duty base pay given to officers of the same rank 'and grade who were on active duty, but would only get a percentage of the increased cost of living index. The plaintiffs complain that what they have received by way of retired pay under the cost of living index system is far below what they would have received under the recomputation system. They seek to recover this difference on the theory that the amount thereof has been taken from them by the government without due process of law contrary to the fifth amendment of the 'Constitution. They contend, as did the plaintiffs in AJcerson and Andrews that when they entered government service they had a contract with the United States that upon their retirement they would be entitled to retired pay that would be adjusted from time to time on the recomputation basis and that this was a vested right that they enjoyed which could not be taken from them by Con *389 gress without violating the Constitution. We decided this very question in Andrews when we held:
The difficulty with this position, as defendant points out, is that there is strong authority for the counter-proposition that officers have no vested or contractual right to any particular amount of retired pay. The general rule has long been that “[a] soldier’s entitlement to pay is dependent upon statutory right * * * [and not tupon] common-law rules governing private contracts * * Bell v. United States, 366 U.S. 393, 401 (1961). Cf., Leonard v. United States, 279 U.S. 40 (1929); United States v. McDonald, 128 U.S. 471 (1888) ; Byrd v. United States, 103 Ct. Cl. 285 (1945) ; Amchanitzky v. United States, 81 Ct. Cl. 409, cert. denied, 296 U.S. 598 (1935); Fulmer v. United States, 32 Ct. Cl. 112 (1897); Magaw v. United States, 16 Ct. Cl. 3 (1880) ; Lowry v. McCarl, 79 F. 2d 144 (D.C. Cir. 1935); Heidt v. United States, 56 F. 2d 559 (5th Cir. 1932). And since the pay of officers in the uniformed services is within the exclusive control of Congress, it was free to limit the benefits of the 1958 active duty pay increase to members on the active duty list. [Id. at 563.]
See also, Abbott v. United States, 152 Ct. Cl. 798, 804, 287 F. 2d 573, 576 (1961), cert. denied, 368 U.S. 915.
The defendant says that we should follow our decision in Andrews and Aherson on the basis of stare decisis. The plaintiffs, on the other hand, argue that they have raised issues in this case that were not present in either of those cases, which are:
1. Eetired pay is accrued compensation for past services and a deprivation thereof violates the fifth amendment.
2. The plaintiffs had a contract with the government which entitled them to retired pay based on the recomputation system and that a repudiation thereof by the government amounted to a taking of their property without due process of law in violation of the fifth amendment.
3. If retired pay is compensation for present services while on inactive duty (i.e., periodic reporting of their whereabouts to the government so as to be subject to recall to active duty), plaintiffs are subject to discrimination based on age, because other retired officers with the same rank, grade, and length of service receive more retired pay because such other officers *390 retired later at a higher 'basic rate of active duty pay. They contend this denies them due process of law under the fifth amendment.
4. Plaintiffs’ contributions toward the funding of their retired pay have been taken from them without just compensation in violation of the fifth amendment and should be returned to them with interest.
While some of the foregoing contentions of the plaintiffs may be couched in somewhat different language to those that were urged in Akerson and Andrews, the underlying and controlling issue in those cases and in the instant case is whether or not the 1958 and 1963 Acts described above deprived plaintiffs of their property without due process of law in violation of the fifth amendment. We decided this question adversely to the plaintiffs in those cases. The plaintiffs argue that even if this is true, our decisions in those cases were wrong and we should reconsider them. We think our decisions in those cases were correct and we follow them under the stare decisis rule. We cited the Andrews case with approval in Goodley v. United States, 194 Ct. Cl. 829, 441 F. 2d 1175 (1971).
Plaintiffs’ counsel admitted at oral argument that none of the plaintiffs are receiving less retired pay in dollars and cents than they received at the time of their retirement. Consequently, no property has been taken from them by the government. They are in reality complaining about what they would have received if the system had not been changed. The arguments in this regard so ably expressed in plaintiffs’ briefs should be presented to Congress instead of to us. Congress has the power and authority under the Constitution to establish a system for the payment of retired pay for retired government personnel such as the plaintiffs, and to change the system from time to time as was done in this case. We understand and appreciate the dissatisfaction of the plaintiffs with the change in the retirement pay system, as they have rendered long and faithful service to our country in time of peace and war. (However, if they are to get any relief, it must come from Congress, as this is not within our jurisdiction.
We hold that the petition of the plaintiffs fails to state a claim upon which relief can be granted. Accordingly, plain *391 tiffs’ motion for summary judgment is denied and defendant’s motion to dismiss plaintiffs’ petition is granted, and tbe petition is dismissed.