Robert L. LOEH, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 05–1208C.

United States Court of Federal Claims.

Dec. 4, 2006.

Robert L. Loeh, Royalton, IL, for pro se plaintiff.

Douglas K. Mickle, U.S. Department of Justice, Washington, DC, with whom were Peter D. Keisler, Assistant Attorney General and Director David M. Cohen, for defendant. LT Marc Rosen, Department of the Navy, of counsel.

## ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION FOR THE LIMITED PURPOSE OF CLARIFYING THE COURT'S PRIOR DECISION

FIRESTONE, Judge.

Pending before this court is the motion by the plaintiff, Robert L. Loeh ("plaintiff" or "Loeh"), for the court to reconsider its Sep-

tember 15, 2006 decision granting the motion by the United States ("government") to dismiss the plaintiff's claim for failure to state a claim. In its decision, the court held that Mr. Loeh was not entitled to retirement pay because he had been dismissed from the United States Navy ("Navy") pursuant to his court-martial sentence. In his motion for reconsideration, Mr. Loeh requests that the court determine whether he is entitled to separation pay.[1] The court grants the plaintiff's motion for reconsideration for the limited purpose of clarifying its earlier decision with respect to whether Mr. Loeh is entitled to separation pay.[2] In all other respects, the court's September 15, 2006 decision remains the same.

Mr. Loeh argues that he is entitled to separation pay under 10 U.S.C. §§ 642 and 1174. The government argues that Mr. Loeh is not entitled to separation pay under the applicable statutory and regulatory authority because he was dismissed from the Navy pursuant to his court-martial sentence. For the reasons stated below, the court agrees with the government that Mr. Loeh is not entitled to separation pay.

## STATEMENT OF FACTS

The background facts are set forth in the court's September 15, 2006 decision. *See Loeh v. United States*, 73 Fed.Cl. at 328. The court does not repeat the background facts, but summarizes those facts relevant to the resolution of the issue here. In 1981, Mr. Loeh was appointed as a commissioned officer in the United States Navy Reserve. Mr.

Loeh was promoted to the rank of Lieutenant Commander in September 1991. Mr. Loeh was dismissed from the Navy on October 7, 2005, pursuant to his court-martial sentence on January 23, 2001, and was removed from any of the Navy's personnel rolls.

## DISCUSSION

The government argues that Mr. Loeh has no statutory or regulatory entitlement to separation pay because he was dismissed by the Navy by court-martial. The government argues that Mr. Loeh is not entitled to separation pay under the relevant statutory provision, 10 U.S.C. § 642(a) (2000) ("An officer who is *discharged under this chapter* is entitled, if eligible therefor, to separation pay under *section 1174* of this title.") (emphasis added). This statutory provision is found under Chapter 36 (Promotion, Separation, and Involuntary Retirement of Officers on the Active–Duty List) of Title 10. The government argues that Mr. Loeh is not entitled to separation pay under 10 U.S.C. § 642(a) because Mr. Loeh was (1) not "discharged" from the Navy, but was dismissed, and (2) his dismissal was not "under this chapter"— i.e., Chapter 36—but rather was dismissed pursuant to 10 U.S.C. § 871 (2000), which is found under Chapter 47 (Uniform Code of Military Justice).[3]

The government argues Mr. Loeh is not entitled to separation pay under the regulations promulgated by the Secretary of Defense and of the Navy because he was dismissed pursuant to court-martial.[4] The

---

1. In his complaint, Mr. Loeh claimed that he was entitled to retirement pay. In paragraph 37 of his complaint, he sought "alternative relief" of separation pay pursuant to 10 U.S.C. § 642. Neither of the parties addressed the issue of separation pay in their briefs and the court did not reach this issue in its decision. Following Mr. Loeh's motion for reconsideration, the court ordered briefing by the parties on the issue of whether Mr. Loeh is entitled to separation pay.

2. The court has determined that oral argument is not necessary in this case.

3. The government further argues that 10 U.S.C. § 1174 contains an additional bar to Mr. Loeh receiving separation pay. The government argues that because Mr. Loeh is no longer upon the rolls of Navy personnel—either active duty, re-

serve, or retiree—Mr. Loeh could not "enter into a written agreement with the Secretary concerned to serve in the Ready Reserve of a reserve component" which is a statutorily imposed "condition of receiving separation pay." 10 U.S.C. § 1174(e).

4. The government argues that under the statutory provision relied upon by Mr. Loeh as the basis for his claim for separation pay, 10 U.S.C. § 1174, the Secretary of Defense and of the Navy have the authority to determine the conditions under which an officer is not entitled to separation pay. 10 U.S.C. § 1174(a)(2) provides, in pertinent part: "A regular commissioned officer of the ... Navy ... is entitled to separation pay ... unless the Secretary concerned determines that the conditions under which the officer is

government relies on Department of Defense ("DoD") Instruction 1332.29, *Eligibility of Regular And Reserve Personnel For Separation Pay*, June 20, 1991, ¶ 3.4, which provides as follows: *"Limitations on Eligibility for Separation Pay.* Service members separated under the following circumstances are not eligible for separation pay: ... 3.4.6. The member is separated as a result of execution of a court-martial sentence." The government also relies on *DoD Financial Management Regulation*, Vol. 7A, Ch. 25 ("Separation Payments"), Nov. 2005, ¶ 350202, which provides as follows: *"Limitations of Eligibility.* Military Service members separated under the following circumstances are not eligible for separation pay: ... F. The member is separated as a result of the execution of a court-martial sentence." Finally, the government relies on the subordinate Navy regulation governing separation pay at the time of Mr. Loeh's dismissal, SECNAV Instruction 1900.7G, *Separation Pay for Involuntary Separation From Active Duty*, March 26, 1997, ¶ 9, which provides as follows: *"Personnel Not Eligible for Separation Pay.* Members separated under the following circumstances ... are not eligible for separation pay .... j. Members who are released

as part of the execution of a court-martial sentence which includes discharge or dismissal." [5]

In response, Mr. Loeh argues that he meets the conditions set forth under 10 U.S.C. §§ 642 and 1174, and therefore he has a statutory entitlement to separation pay, which he argues prevails over any regulatory bar to his receiving separation pay.[6] As for the government's argument that he was not discharged under Chapter 36, Mr. Loeh argues that he was discharged. Mr. Loeh argues that the form that the Navy issued to him on October 7, 2005, entitled, "Certificate of Release or Discharge From Active Duty," refers to a "discharge." [7] Mr. Loeh argues that this court held that he was not eligible for retirement pay because he had been *discharged* under another provision of law in its September 15, 2006 decision.[8] Mr. Loeh argues that because he was discharged, he is entitled to separation pay under 10 U.S.C. § 642(a). Mr. Loeh further argues that the DoD and the Navy regulations cited by the government cannot negate his statutory entitlement to separation pay. Mr. Loeh relies on a number of court decisions for the proposition that separation pay is awarded under statute and not by regulation.[9] Mr. Loeh

---

discharged or separated do not warrant separation of such pay." *See also McMullen v. United States*, 50 Fed.Cl. 718, 727 (2001) (construing a similar provision under 10 U.S.C. § 1174(c)(2) as giving the Secretary the discretion to establish criteria under which a reservist would not be eligible for separation pay). Because the court holds that Mr. Loeh does not have a statutory entitlement to separation pay, the court does not address this argument.

5. The government argues that under the current Navy regulation, OPNAV Instruction 1900.4, *Separation Pay for Involuntary Separation From Active Duty*, Dec. 20, 2005, ¶ 9.j, this limitation remains in effect.

6. Mr. Loeh also cites 10 U.S.C. § 632, but this provision regards retirement rather than separation pay. In its September 15, 2006 decision, the court held that Mr. Loeh's punitive discharge qualifies as a "discharge under another provision of law," and therefore he lost his eligibility to a Section 6323 retirement as provided for under 10 U.S.C. § 632(a)(3). *See Loeh*, 73 Fed.Cl. at 329.

7. In the block on the form for the "Signature of Member Being Separated" are the words "DIS-

CHARGED IN ABSENTIA." However, in another part of the form the "Type of Separation" is referred to as "DISMISSED." Administrative Record ("A.R.") 4.

8. Mr. Loeh further argues that being eligible for ready reserve, which the government argued was required under by 10 U.S.C. § 1174 in order to receive separation pay, does not apply under *DoD Financial Management Regulation*, Vol. 7A, Ch. 25 ("Separation Payments"), Nov. 2005, ¶ 350201, which provides as follows: "A member who enters into this written agreement [to serve in the Ready Reserve for a minimum of three years] and who is not qualified for enlistment or appointment in the Ready Reserves need not be enlisted or appointed by the Military Service concerned to be considered to have met this condition of eligibility for separation pay."

9. *See Bell v. United States*, 366 U.S. 393, 401, 81 S.Ct. 1230, 6 L.Ed.2d 365 (1961) ("[C]ommon-law rules governing private contracts have no place in the area of military pay. A soldier's entitlement to pay is dependent upon statutory right."); *Abbott v. United States*, 200 Ct.Cl. 384, 1973 WL 21333 (1973); *Andrews v. United States*, 175 Ct.Cl. 561, 1966 WL 8870 (1966); *Akerson v.*

argues that no statutory provision requires that a discharge be honorable in order for an officer to receive separation pay.

The court agrees with the government that Mr. Loeh is not entitled to separation pay under either the applicable statutory or regulatory provisions. As for the statutory provisions, Mr. Loeh does not qualify for separation pay under 10 U.S.C. § 642(a)

because he was not "discharged under this chapter"—i.e., Chapter 36 of Title 10. Assuming, *arguendo*, that Mr. Loeh's "dismissal" was the equivalent of a "discharge," Mr. Loeh was not "discharged" under Chapter 36. Instead, as the Administrative Record makes clear, Mr. Loeh was dismissed (or "discharged") under Article 71 of the Uniform Code of Military Justice.[10] The Uniform Code of Military Justice is found under Chapter 47 of Title 10. Thus, Mr. Loeh's dismissal (or "discharge") pursuant to court-martial under Article 71 of the Uniform Code of Military Justice was not under Chapter 36. Accordingly, Mr. Loeh's circumstances do not fit within the criteria for separation pay set forth in 10 U.S.C. § 642. Similarly, 10 U.S.C. § 1174 does not provide for separation pay for service members who have been dismissed (or "discharged") pursuant to a court-martial under Chapter 47.[11] Therefore, neither 10 U.S.C. §§ 642 or 1174 provide Mr. Loeh with an entitlement to separation pay.

Because the court concludes that the statutory provisions do not provide Mr. Loeh with an entitlement to separation pay, the court turns to the applicable DoD and Navy regulations to determine whether the regulations nonetheless provide Mr. Loeh with an entitlement to separation pay. However, as discussed above, the DoD and Navy regulations governing separation pay that are cited by the government (and Mr. Loeh cites none to the contrary) bar the award of separation pay to a service member who has been separated pursuant to a court-martial sentence. Therefore, the regulations clearly do not provide Mr. Loeh with a regulatory entitlement to separation pay.

## CONCLUSION

Having granted Mr. Loeh's motion for reconsideration for the limited purpose of clarifying its September 15, 2006 decision, for the reasons stated above, the court holds that Mr. Loeh, having been dismissed from the Navy pursuant to court-martial, is not entitled to separation pay under 10 U.S.C. §§ 642 or 1174 or under the applicable regulatory authority. Therefore, the court's September 15, 2006 decision, holding that Mr. Loeh is not entitled to retirement pay and granting the government's motion to dismiss pursuant to RCFC 12(b)(6), is amended to include the court's holding that Mr. Loeh is

*United States*, 175 Ct.Cl. 551, 1966 WL 8869 (1966); *United States v. Larionoff*, 431 U.S. 864, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977). However, these court decisions merely state that the right to military pay is a statutory right rather than a *contractual* right, not that applicable regulations are irrelevant. As the United States Supreme Court has stated, "the rights of the affected service members must be determined by references to the [applicable] statutes *and regulations* ...*, rather than to ordinary contract principles." *Larionoff*, 431 U.S. at 869, 97 S.Ct. 2150 (emphasis added).

Mr. Loeh also cites *Spehr v. United States*, 51 Fed.Cl. 69, 82 (2001), which states that the Military Pay Act, 37 U.S.C. § 204, is a "money-mandating statute that confers upon members of the armed services involuntarily separated prior to the end of their enlistment terms a substantive right to seek recovery of money damages from the United States." However, Mr. Loeh does not claim that he is entitled to back pay; therefore, the Military Pay Act is not relevant here.

10. *See* Navy document regarding Mr. Loeh that is captioned, "ACTION UNDER ARTICLE 71(b) UNIFORM CODE OF MILITARY JUSTICE," dated September 30, 2005, which states: "In the above-entitled case, the sentence to dismissal is approved. Subsections (b) and (c) of Article 71, Uniform Code of Military Justice, having been complied with, the sentence to dismissal will be executed." A.R. 7.

11. Because Mr. Loeh was an officer, the court refers to 10 U.S.C. § 1174(a), which deals with the entitlement to separation pay for regular officers. This provision discusses the entitlement to separation pay for the following officers: (1) a regular officer who is discharged under chapter 36, section 580 (Chapter 33), or 6383 (Chapter 573); and (2) a regular commissioned officer who is discharged under 630(1)(A) (Chapter 36), 643 (Chapter 36), or 1186 (Chapter 60); or a regular warrant officer who is separated under section 1165 or 1166 (Chapter 59). There is no mention of Chapter 47.

not entitled separation pay. The Clerk shall amend the judgment of September 15, 2006 in accordance with this Order.

**IT IS SO ORDERED.**