[L. A. No. 17420.   In Bank.—April 21, 1941.]

MAXINE K. FRENCH, Respondent, v. CHARLES EDWARD FRENCH, Appellant.

Adam Thompson and Renwick Thompson for Appellant.

Morris Binnard for Respondent.

EDMONDS, J.—In awarding the respondent an interlocutory decree of divorce, the court included in the community property of the parties the husband's "reserve pay, pension or retired pay" to be received by him "for services in the United States Navy" and divided such pay equally between them. The husband has appealed from that portion only of the decree, contending that any amounts received by him will not be in compensation for services previously rendered but, on the contrary, for services presently rendered, and that it is therefore not community property subject to division upon divorce.

It appears from appellant's answer to the complaint that he was in the service of the United States Navy for sixteen years, and at the time the court made its decree had been transferred from active service to membership in the Naval Reserve. Although under former statutes the compensation of members of the Naval Reserve was referred to as "retainer pay" (39 Stats. at Large, chap. 417, p. 590), and has been said to be compensation "for the obligation on the part of such members to serve in the Navy in time of war or national emergency" (*Sawyer* v. *United States,* 10 Fed. (2d) 416, 421), the Naval Reserve Act of 1938 (U. S. C. A., Title 34, sec. 853 et seq.) dropped that expression and uses the term "pay". Unquestionably, this change in language was made in order to more accurately designate the character of the compensation provided for by the later enactment.

Under the Naval Reserve Act of 1938, *supra,* the Naval Reserve is "a component part of the United States Navy" and includes the Fleet Reserve. (Sec. 853.) The appellant, as an enlisted man transferred to the Fleet Reserve, having completed sixteen years of naval service, is entitled to receive, except when on active duty, "pay" based upon the amount he was receiving at the time of transfer. As a member of that organization he may be required to perform not more than two months' active duty in each four-year period; to

submit to a physical examination at least once during each four-year period; and to obey its regulations. He is subject to certain training duty and may be ordered to active duty, in either of which events his reserve pay will cease and he will receive pay at a higher rate. (Sec. 854e.) His pay as a member of the Fleet Reserve is compensation for the demands the government makes upon him in these particulars; it is not a pension for services which were entirely performed before the date of his transfer.

The cases of *Crossan* v. *Crossan*, 35 Cal. App. (2d) 39 [94 Pac. (2d) 609], and *Dryden* v. *Board of Pension Commrs.*, 6 Cal. (2d) 575 [59 Pac. (2d) 104], are therefore not in point. In the first of these, the husband was a member of the State Employees' Retirement Fund and had rights which were acquired because of deductions made from his earnings during marriage. Aside from other benefits, he was entitled to withdraw a certain amount to be paid from the fund whenever his employment with the state was discontinued. The Dryden case concerned the rights of a policeman in a pension fund to which he had made contributions while he was on active duty. It was held that by the provisions of the city charter, under which that fund was created and maintained, the right to a pension was an integral part of the contract of employment and became a vested right at the time the employment began. The pay which the appellant may receive as a member of the Fleet Reserve is of an entirely different character, and it may or may not continue.

In support of the decree, the respondent urges that, assuming the "reserve pay, pension or retired pay" is not community property, the provision for a division of such amounts as the appellant may receive therefor in the future may be sustained as an allowance for her support under the provisions of section 139 of the Civil Code. But the appellant was not directed to pay a certain sum at stated times, based upon the showing that his rating in the Fleet Reserve would enable him to do this; the court decreed that the community property of the parties included that pay and divided it between them. However, as the respondent asserts, the pay received by the husband up to the time of the dissolution of the marriage by a final decree of divorce is the property of the community and should be so considered in fixing the property rights of the parties.

Another point raised by the respondent is that retirement pay is community property because it is compensation for services rendered in the past. That is correct, but under the applicable statutes the appellant will not be entitled to such pay until he completes a service of fourteen years in the Fleet Reserve and complies with all of the requirements of that service. At the present time, his right to retirement pay is an expectancy which is not subject to division as community property.

That portion of the decree appealed from must be reversed. However, because the trial court erred in its determination concerning the community property, the respondent is entitled to a new trial upon the issue of the division of that property and the provision to be made for her support. Upon the further consideration of the needs of each of the parties and the property owned by them, the court should make such determination of the property rights of the parties as may be proper.

It is so ordered.

Traynor, J., Curtis, J., Carter, J., Shenk, J., and Gibson, C. J., concurred.

Appellant's petition for a rehearing was denied May 19, 1941.