[Civ. No. 25276.   Second Dist., Div. Three.   Mar. 16, 1962.]

PAUL DEES MURDY et al., Plaintiffs and Respondents, v. CITY OF LOS ANGELES et al., Defendants and Appellants.

Roger Arnebergh, City Attorney, Bourke Jones and John J. Tully, Jr., Assistant City Attorneys, for Defendants and Appellants.

Bewley, Knoop, Lassleben & Whelan and Martin E. Whelan, Jr., for Plaintiffs and Respondents.

FORD, J.—This is an appeal by the defendants from a judgment in favor of the plaintiffs in an action for declaratory relief. The cause of action of each plaintiff was stated separately in the complaint. Each plaintiff alleged that there was a controversy between him and the defendants as to whether, under the retirement system of the city, he was entitled to have included as a part of his aggregate years of service the period of time which he had spent in the armed forces as a result of being drafted.

Pertinent findings of fact of the trial court were as follows: 1. On January 28, 1957, plaintiff Murdy was appointed to the position of fireman and served in that capacity until his entry into military service. 2. On May 17, 1954, plaintiff Crowe was appointed to the position of policeman and served in that capacity until his entry into military service. 3. Each

plaintiff was inducted into such service under the provisions of the Universal Military Training and Service Act of 1948 as amended (50 U.S.C. App., § 451 et seq.); prior thereto each plaintiff was granted a military leave from his position with the city; each left his position and joined the armed forces, plaintiff Murdy doing so on December 2, 1957, and plaintiff Crowe doing so on April 19, 1956. 4. Plaintiff Murdy was honorably separated from active military service on September 1, 1959, and he returned to his position with the city on September 6, 1959. 5. Plaintiff Crowe was honorably separated from active military service on March 28, 1958, and he returned to his position with the city on March 31, 1958. 6. Each plaintiff has served continuously in his position since his return to such civilian work. 7. Under article XVII of the city charter, retirement compensation based upon length of service is predicated upon the aggregate number of years served. 8. At all times above mentioned, pursuant to established practices relating to members of the fire and police departments of the city, the city has credited members, for purposes of determining aggregate service for ''pension entitlements'' under article XVII of the city charter, with all periods and days for which they were paid, including leaves of absence with pay, but has not so credited them for any periods or days for which they were not paid, including leaves of absence without pay.[1]

The conclusions of law of the trial court were in part as follows: 1. The rights to retire after serving the aggregate periods of time set forth in article XVII of the city charter were at all times mentioned in the findings of fact ''rights and privileges in, connected with, or arising out of the office or employment'' of each plaintiff with the city. 2. ''Each plaintiff, had he not been so absent from his office or employment with the city of Los Angeles would have had the right and privilege under said Article XVII to have his aggregate service for said periods of time entitling him to retire include his period of absence from said office or employment, and each plaintiff is entitled to have said period of absence credited to him for purposes of determining aggregate years of service under Article XVII of the Los Angeles City Charter, pursuant to subsection (b) of Section 395.1 of the Military and Veterans Code.'' 3. Each plaintiff is entitled to have his period of absence credited toward aggregate years of service

---

[1] Such finding was in harmony with a stipulation of facts filed by the parties in the trial court.

for the purpose of retirement under article XVII pursuant to subsection (c) of section 395.1 of the Military and Veterans Code; the right to such credit is a "benefit" within the meaning of that subsection.[2] Judgment was entered accordingly.

Contrary to the contention of the appellants, the provisions of section 395.1 of the Military and Veterans Code are applicable to a chartered city because the matters covered thereby are of statewide and general public concern. (*Palaske v. City of Long Beach*, 93 Cal.App.2d 120, 125 [208 P.2d 764]; *Cunningham v. Hart*, 80 Cal.App.2d 902, 907-908 [183 P.2d 75]; cf. *Department of Water & Power v. Inyo Chemical Co.*, 16 Cal.2d 744, 753-754 [108 P.2d 410].) Accordingly, the problem presented on this appeal is whether the trial court was correct in its construction of section 395.1 with respect to the facts presented to it.

In resolving the question presented, it is well to keep in mind the nature of the absence of each plaintiff from his employment with the city. His military leave was substantially different from an ordinary leave of absence. Thereunder he did not absent himself from his civilian duties for any

---

[2] Section 395.1 is in part as follows: "(a) Notwithstanding any other provision of law to the contrary, any public officer, deputy, assistant, or employee of the State, or of any city, county, city and county, school district, water district, irrigation district, or any other district, political corporation, political subdivision, or governmental agency thereof who, . . . while any national conscription act is in effect, leaves or has left his office or position prior . . . to the expiration of the National Conscription Act, to join the armed forces of the United States and who does or did without unreasonable and unnecessary delay join the armed forces . . . shall have a right, if released, separated or discharged under conditions other than dishonorable, to return to and re-enter upon the office or position within three months after the termination of his active service with the armed forces. . . .

"(b) Upon such return and re-entry to the office or employment the officer or employee shall have all of the rights and privileges in, connected with, or arising out of the office or employment which he would have enjoyed if he had not been absent therefrom; provided, however, such officer or employee shall not be entitled to sick leave, vacation or salary for the period during which he was on leave from such governmental service and in the service of the armed forces of the United States. . . .

"(c) Any officer or employee other than a probationer who is restored to his office or employment pursuant to this act shall not be discharged from such office or position without cause within one year after such restoration, and shall be entitled to participate in insurance or other benefits offered by the employing governmental agency pursuant to established rules and practices relating to such officers or employees on furlough or leave of absence in effect at the time such officer or employee left his office or position to join the armed forces of the United States."

purpose personal to himself or under circumstances such that his absence was within his own control. Each plaintiff was fulfilling his paramount obligation as a citizen to undertake military training in the interests of the national welfare. (See *People* ex rel. *Happell* v. *Sischo,* 23 Cal.2d 478, 485 [144 P.2d 785].)

Section 395.1 of the Military and Veterans Code was enacted pursuant to section 3.5 of article XX of the Constitution of this state. (*Palaske* v. *City of Long Beach, supra,* 93 Cal.App.2d 120, 124.) The constitutional provision is in part as follows: "Notwithstanding any other provision of this Constitution, the Legislature by general law may provide for the reinstatement and reentry into public office within the terms for which they were elected, and the reinstatement in public employment, respectively, of public officers and employees who have resigned or who resign their offices or employments to serve or to continue to serve in the armed forces of the United States or in the armed forces of this State. The Legislature may determine the extent to which such provisions shall be given retroactive effect.

"As used in this section, 'public officers and employees' includes all of the following: . . .

"(d) All officers and employees of any county, city and county, city, township, district, political subdivision, authority, commission, board, or other public agency within this State. . . ."

With respect to subsection (c) of section 395.1, it was said in *Palaske* v. *City of Long Beach, supra,* 93 Cal.App.2d 120, at pages 125-126: "The contention that the phrase 'and other benefits' should not be construed to include pensions or pension rights is directly contrary to the national and state policy as disclosed by the various enactments for the relief of those who have been obliged to drop their own affairs to take up the burden of the nation, as well as the oft-announced intention of state and federal courts to take a liberal view of such enactments. [Citations.]" The factual situation presented in the *Palaske* case was such as to warrant the inclusion of the period of military service in the determination of the aggregate time served for pension purposes under subsection (c) of section 395.1 because it was found that such inclusion was consistent with established practices of the employing agency relating to employees on furlough or leave of absence. But in the present case that does not appear to be possible under that subsection with respect to either plaintiff.

Herein the trial court found that "pursuant to established practices relating to members of the Fire and Police Departments of the City of Los Angeles," the city has not credited members, "for purposes of determining aggregate service for pension entitlements under Article XVII of the Charter of the City of Los Angeles, . . . for any periods or days for which they were not paid, including leaves of absence without pay." Neither plaintiff received pay from the city during the period of his military leave, with the exception that the plaintiff Crowe received compensation for the first 30 days of his leave.

There appears to be no sound reason, however, for construing subsection (c) as the exclusive repository of the legislative intent bearing upon the question of the right of a returning employee to have his period of military service considered as a part of his aggregate service for the purpose of determining the matter of pension benefits. Rather, subsections (b) and (c) are to be read together in the light of the evident legislative plan to furnish comprehensive protection, except as to the matters specifically mentioned in subsection (b), to the employee called into military service. Section 395.1 was enacted to guarantee to every public employee returning from such military leave not only that he would regain the same position he had when he left, but also that he would be placed "as nearly and feasibly possible in the position he would now be in had he not gone into the armed forces." (*Cunningham* v. *Hart, supra,* 80 Cal.App.2d 902, at p. 910.) The intent was to have the employee afforded the same rights and privileges (except for "sick leave, vacation or salary") as if he had been continuously engaged in his civilian work, and, as part of the protection afforded, to have him treated as though he had been on furlough or leave of absence for personal reasons insofar as "insurance or other benefits" are concerned. (See *Palaske* v. *City of Long Beach, supra,* 93 Cal. App.2d 120, 127; *cf. Mentzel* v. *Diamond,* 167 F.2d 299, 301; *Gauweiler* v. *Elastic Stop Nut Corp.,* 162 F.2d 448, 451.)

The claim asserted by each plaintiff in the present case bears a direct relationship to a substantial right which had its origin in his contract of employment with the city. ■ As succinctly stated in *Abbott* v. *City of San Diego,* 165 Cal.App. 2d 511 [332 P.2d 324], at page 517: "The pension provisions of a city charter are an indispensable part of the contract of employment between a city and its employees, creating a right to pension benefits as an integral part of compensation payable under such contract, which vests upon acceptance of em-

ployment. (*Kern* v. *City of Long Beach*, 29 Cal.2d 848, 852 [179 P.2d 799] ; *French* v. *French*, 17 Cal.2d 775, 777 [112 P.2d 235, 134 A.L.R. 366] ; *Dryden* v. *Board of Pension Commrs.*, 6 Cal.2d 575, 579 [59 P.2d 104].) '' ■■■ To fail to include the time spent in military service as part of the aggregate years of service for pension purposes would be to deny to each plaintiff, contrary to the provisions of subsection (b) of section 395.1 of the Military and Veterans Code, part of ''the rights and privileges in, connected with, or arising out of the office or employment which he would have enjoyed if he had not been absent therefrom.''

The judgment is affirmed.

Shinn, P. J., concurred.

A petition for a rehearing was denied April 10, 1962, and appellants' petition for a hearing by the Supreme Court was denied May 9, 1962.