[Civ. No. 10999. Fourth Dist., Div. Two. Mar. 14, 1972.]

In re the Marriage of CATHRYN M. and FRANCIS J. KARLIN.
CATHRYN M. KARLIN, Appellant, v.
FRANCIS J. KARLIN, Appellant.

## COUNSEL

Eric A. Rose and Robert B. White for Appellant-Wife.

Francis J. Karlin, in pro. per., for Appellant-Husband.

## OPINION

**GABBERT, J.**—From an interlocutory judgment decreeing a dissolution of marriage, Francis J. Karlin appeals; Cathryn M. Karlin also cross-appeals from the same judgment. Both the appeal and the cross-appeal concern only the trial court's division of property. Appellant contends the trial court improperly concluded a portion of his military pension was community property; he also contends the trial court erred in concluding the Karlin family residence was a community asset. Finally, he asserts the trial court erred in awarding Cathryn one-half of $16,000 in U.S. government bonds and one-half of a $30,000 note receivable. Cross-appellant, on the other hand, concludes the court inadvertently failed to include within the divided community assets the amount within a savings plan and 131 shares of McDonnell-Douglas common stock.

As we shall explain below, we confirm the trial court's determination appellant's retired military pay is, in part, a community asset. As we shall also explain, the court did not err in concluding the family residence was community property, since respondent's petition had alleged and appellant's answer had admitted its community property nature. Moreover, we are

persuaded the court's determination the bonds and note receivable were community property was not erroneous since appellant's attempt to trace the funds responsible therefor to separate property assets was insufficient to overcome the presumption of a community property nature adhering to assets purchased during a marriage. Finally, as we shall discuss, the court inadvertently failed to include certain definite community assets within those divided by the interlocutory decree. Accordingly, we modify the judgment to include the omitted assets, and, as modified, affirm the judgment.

The court awarded respondent a 25 percent interest in appellant's military retirement pay, and ordered appellant to pay her 25 percent of the payments as he received them. The 25 percent figure was calculated on the basis of a 50 percent community interest in the pension since the parties had been married for 11 years of appellant's 22 years of active duty.

While the parties were still married, appellant was retired under the authority of 10 United States Code, section 8911, as an active duty Air Force officer after 22 years of service; he then became entitled to retirement pay under 10 United States Code, section 8889. His pension is computed by the provisions of 10 United States Code, section 8991, and involved no contributions to a retirement or pension fund from his active duty pay.

The rights to retirement pay or to a pension become community property, subject to division in a dissolution proceeding, only when and to the extent a party becomes certain, during the course of the marriage, to receive some payment. To the extent that payment is, at the time of the dissolution of the marriage, subject to conditions which may or may not occur, retirement pay or a pension is an expectancy, not subject to division as community property. (*Phillipson* v. *Board of Administration,* 3 Cal.3d 32, 40-41 [89 Cal.Rptr. 61, 473 P.2d 765]; *French* v. *French,* 17 Cal.2d 775, 778 [112 P.2d 235, 134 A.L.R. 366]; *Williamson* v. *Williamson,* 203 Cal.App.2d 8, 11 [21 Cal.Rptr. 164].) When, however, a party possesses an unconditional and vested right to a pension or retirement pay, such a matured right is property subject to division in a dissolution proceeding. (*Waite* v. *Waite,* 6 Cal.3d 461, 469-470 [99 Cal.Rptr. 325, 492 P.2d 13]; *Phillipson* v. *Board of Administration, supra,* p. 41.)

Appellant asserts his right to a military pension is a mere gratuity and, as such, is a conditional right and thus separate property. Accordingly, appellant contends, he has no vested rights, only an expectancy of future payments and not a property interest which could properly be divided by the trial court. Appellant's position finds support in the language of federal

cases. "Pensions, compensation allowances and privileges are gratuities. They involve . . . no vested right. The benefits conferred by gratuities may be redistributed or withdrawn at any time in the discretion of Congress." (*Lynch* v. *United States,* 292 U.S. 571, 577 [78 L.Ed. 1434, 1439, 54 S.Ct. 840]; *United States* v. *Teller,* 107 U.S. 64 [27 L.Ed. 352, 2 S.Ct. 39]; *Walton* v. *Cotton,* 60 U.S. (19 How.) 355 [15 L.Ed. 658]; *United States* v. *McDonald,* 128 U.S. 471 [32 L.Ed. 506, 9 S.Ct. 117]; *Crenshaw* v. *United States,* 134 U.S. 99 [33 L.Ed. 825, 10 S.Ct. 431]; *Norman* v. *United States,* 392 F.2d 255 [183 Ct.Cl. 41]; see *Bell* v. *United States,* 366 U.S. 393 [6 L.Ed.2d 365, 81 S.Ct. 1230].) The question is evidently one of first impression. We do not read *French* v. *French, supra,* 17 Cal.2d 775, as controlling authority for the proposition a pension payable to a retired member of the Armed Forces is community property. Although *Phillipson* v. *Board of Administration, supra,* 3 Cal.3d 32, 40, so characterizes *French,* the opinion therein reveals the only asset determined to be community property was pay actually received during the course of the marriage for services actually rendered. (17 Cal.2d 775, 777.) The Naval Reserve pay involved in *French* was held *not* to be community property (as retirement pay) since the husband had not yet completed sufficient years of service to qualify therefor. (17 Cal.2d 775, 778.)

To so conclude in the case at bench, however, would be simply to exalt nomenclature over substance. ▮ Under 10 United States Code, sections 8911, 8889 and 8991 appellant is entitled to, and is receiving a pension based upon his 22 years of military service; he is entitled to the pension because of services rendered, in part, during the marriage. As our high court pointed out, albeit in the context of the California Judge's Retirement Law, appellant's retirement pay flows, in part, from services rendered during the marriage. "[T]he basic point remains that the pension payment serves as a remuneration for services rendered by the employee; if these services were discharged during the marriage, that remuneration must compose a community asset." (*Waite* v. *Waite, supra,* 6 Cal.3d 461, 471.) ▮ The fact the federal government may increase, diminish, or completely abolish appellant's retirement payments does not change the nature of those payments from community to separate property. ▮ Appellant became entitled to the retirement payments during the marriage (10 U.S.C. § 8889); the manner of the expression of the pension cannot alter its community property characteristics. (*Waite* v. *Waite, supra.*) A similar result has been reached by the courts of several other community property jurisdictions. (*Morris* v. *Morris,* 69 Wn.2d 506 [419 P.2d 129]; *Kirkham* v. *Kirkham* (Tex.Civ.App.) 335 S.W.2d 393; *LeClert* v. *LeClert,* 80 N.M. 235 [453 P.2d 755].)

Appellant contends, however, *Wissner* v. *Wissner,* 338 U.S. 655 [94

L.Ed. 424, 70 S.Ct. 398] compels a contrary result. In *Wissner,* the trial court had ordered the beneficiary of installment payments of life insurance proceeds under the National Service Life Insurance Act (38 U.S.C. § 801 et seq.) to pay half the proceeds to the wife. The Supreme Court held the order unlawfully "seized" the proceeds in violation of 38 United States Code, section 454a (now 38 U.S.C. § 3101) which specified such payments were not ". . . liable to attachment, levy, or seizure by or under any legal or equitable process whatever, . . ."; it also held the order invalid under the supremacy clause as nullifying the deliberate purpose and intent of Congress. Appellant asserts, without citation, federal statutes and Department of Defense regulations specify the rights of persons claiming title or interest in retirement payments. Our independent research has disclosed no such specific provision exists in relation to retirement pay of retired Air Force officers.[1] Neither is there any indication an overriding federal purpose in the administration of Air Force retirement pay requires the conclusion appellant's retirement pay is separate property.

■ We cannot agree with appellant that *Wissner* establishes the broad rule that *every* benefit or property right arising from federal law must invariably be separate property. Each case must be determined by the expression of Congress manifested in statutes pertaining to the particular problem at hand. (See *Free* v. *Bland,* 369 U.S. 663 [8 L.Ed.2d 180, 82 S.Ct. 1089]; *Wissner* v. *Wissner, supra,* 338 U.S. 655.) ■ While we recognize appellant's retirement pay was not subject to attachment or garnishment while within the hands of the government (*Buchanan* v. *Alexander,* 45 U.S. (4 How.) 20 [11 L.Ed. 857]), it does not necessarily follow that the funds as received could not have been community property. (*Phillipson* v. *Board of Administration, supra,* 3 Cal.3d 32.)

Our conclusion the trial court properly determined appellant's Air Force retirement pay is, in part, community property is supported by the treatment of armed forces retirement pay under the federal tax laws. In *Wilkerson* v. *Commissioner,* 44 T.C. 718, affirmed 368 F.2d 552, the court held an army enlisted man's retirement pay constituted community income so that his wife was entitled to claim a retirement income credit with respect to one-half of his retirement pay. Although the important question for decision in *Wilkerson* was whether the right to receive the retirement pay accrued at the time petitioner and his wife were domiciled in a community property state, the underlying predicate upon which the court operated was that army retirement pay may—depending upon the circumstances—be either separate or community property, and not solely separate prop-

---

[1]We invited the filing of amicus briefs on this specific issue by various federal agencies as well as civilian retired officers' associations. None were presented.

erty.[2] We see nothing in the federal tax laws to compel the conclusion an asset may only be community property for purposes of income taxation, and may not be community property for purposes of a dissolution proceeding. ■ Accordingly, we conclude the trial court properly determined a portion of appellant's Air Force retirement pay was community property.

Francis also contends the trial court erred in including the family residence in the division of community property assets. He asserts no evidence was introduced showing the residence was community property, and the only evidence before the court demonstrated as a matter of law the property was held as joint tenancy. Accordingly, he concludes, the court was without power to dispose of the residence, and, even assuming it was, he should have been credited with a $4,000 down payment made from his separate property.

■ The question whether the family residence was community property was not, however, before the court. Cathryn's petition for divorce alleged the residence was community property; Francis' answer admitted the allegation. ■ Since the allegations of the petition were admitted by the answer, the parties were bound thereby (Code Civ. Proc., § 462); evidence was unnecessary in their support, and evidence was inadmissible to prove their untruth since the facts admitted were outside the issues to be tried.

Francis further asserts the court erred in awarding Cathryn one-half of $16,000 in government bonds and $30,000 in a note receivable acquired during the marriage. His argument is predicated upon respondent's Exhibit A which purports to trace the particular funds involved with the items to separate property sources.

Property acquired during the existence of a marriage is presumed to be community property. (Civ. Code, § 5110.) ■ Where property has been acquired with commingled funds, the presumption controls in the absence of evidence successfully tracing the sources of the commingled

---

[2]We do not here face a problem of allocation of the retirement pay. Appellant's retirement pay was only an expectancy until his retirement; he became entitled to and acquired the right to receive retirement pay while domiciled in California, and at the time the rights to the retirement pay first became subject to division as community property in a dissolution proceeding. Although a portion of the retirement payments is technically attributable to services rendered outside California, the nature of the payments became fixed both as property and as community property, only when appellant became entitled to receive them, and the payments thus were properly divided without any allocation other than that reflecting the number of years of marriage. (Civ. Code, § 5110; *See* v. *See,* 64 Cal.2d 778, 783 [51 Cal.Rptr. 888, 415 P.2d 776].)

funds. (*Mason* v. *Mason,* 186 Cal.App.2d 209, 212 [8 Cal.Rptr. 784]; *Gudelj* v. *Gudelj,* 41 Cal.2d 202, 210 [259 P.2d 656].) The presumption arises upon proof by one party that the property in question was acquired during the marriage; the burden of proof is then upon the party claiming the property to be separate. (*Fountain* v. *Maxim,* 210 Cal. 48, 50-51 [290 P. 576]; *Mason* v. *Mason, supra,* at pp. 212-213.) Thus if appellant failed to sufficiently trace the sources of the funds involved, the conclusion of the court was proper. In this regard, " '[t]he finding of a trial court that property is either separate or community in character is binding and conclusive on the appellate court if it is supported by sufficient evidence, or if it is based on conflicting evidence or upon evidence that is subject to different inferences. . . .' " (*Beam* v. *Bank of America,* 6 Cal.3d 12, 25 [98 Cal.Rptr. 137, 490 P.2d 257].)

The court determined the bonds and the note receivable were community property. We cannot conclude that decision was incorrect. Although appellant's records may show the general movement of his separate property funds during the marriage, considerable commingling and multiple deposits and withdrawals of funds resulted in his inability to convincingly demonstrate the claimed separate property aspects of the divided property.

 Appellant also contends, however, the government bonds were separate property under the authority of *Free* v. *Bland, supra,* 369 U.S. 663. We reject his contention because it was not raised below. In the trial court, appellant asserted the bonds were separate property solely on the theory they were purchased from separate property assets, not that they were separate property under the federal regulations specified in *Free* v. *Bland, supra.* "The rule is well settled that the theory upon which a case is tried must be adhered to on appeal. A party is not permitted to change his position and adopt a new and different theory on appeal. To permit him to do so would not only be unfair to the trial court, but manifestly unjust to the opposing litigant." (*Ernst* v. *Searle,* 218 Cal. 233, 240-241 [22 P.2d 715]; see *Bogacki* v. *Board of Supervisors,* 5 Cal.3d 771, 780 [97 Cal.Rptr. 657, 489 P.2d 537]; 5 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 281-286.) Although some cases allow a change from the theories at trial where the question is one of law alone and may be decided on the facts appearing in the record (see, e.g., *Ward* v. *Taggart,* 51 Cal.2d 736, 742 [336 P.2d 534]), the record here does not disclose whether the "Government Bonds" are the type controlled by *Free* v. *Bland, supra.* Moreover, to conclude on this bare record that the bonds were of the type considered by *Free* would foreclose respondent from demonstrating the bonds were purchased from community funds under circumstances which *Free* does not control. (See *Yiatchos* v. *Yiatchos,* 376 U.S. 306 [11

L.Ed.2d 724, 84 S.Ct. 742]; *Estate of Bray,* 230 Cal.App.2d 136, 142-144 [40 Cal.Rptr. 750].)

At trial, the court orally determined the amount within a McDonnell-Douglas savings plan and 131 shares of McDonnell-Douglas common stock were community property. The disposition of these assets was not however included in the memorandum opinion of the court. Counsel for respondent and cross-appellant similarly failed to include the disposition of these items in the proposed findings, and, ultimately, in the interlocutory judgment. Respondent now contends the interlocutory judgment should be modified by including the omitted assets within the community property division. We agree.

Under Code of Civil Procedure, section 909, a reviewing court may make findings in addition to those of the trial court. ■■■ Section 909 is to be liberally construed so that where feasible a cause may be disposed of by a single appeal ". . . and without further proceedings in the trial court. . . ." ■■■ Although the rights of the parties in the savings plan and the stock have not yet been adjudicated and may be litigated in further proceedings (*Estate of Williams,* 36 Cal.2d 289, 292-293 [223 P.2d 248, 22 A.L.R.2d 716]; *Tarien* v. *Katz,* 216 Cal. 554, 559 [15 P.2d 493, 85 A.L.R. 334]), no purpose would be served by remitting the parties to the trial court. The record is clear the amount within the savings plan and the stock accrued to the community during the marriage; a contrary conclusion would be totally without evidentiary support.

The judgment is modified to include within the assets to be divided equally between the parties the 131 shares of McDonnell-Douglas common stock and the contents of the McDonnell-Douglas savings plan. As so modified, the judgment is affirmed.

Gardner, P. J., and Tamura, J., concurred.