[Civ. No. 51873. Second Dist., Div. Five. May 17, 1978.]

COUNTY OF VENTURA, Cross-complainant and Appellant, v.
CITY OF CAMARILLO, Cross-defendant and Respondent.

**COUNSEL**

Don Dewberry and Don Fesler for Cross-complainant and Appellant.

Henderson & Smith and David L. Allen for Cross-defendant and Respondent.

**OPINION**

HASTINGS, J.—This is an appeal by County of Ventura, (Ventura), cross-complainant and appellant, from a summary judgment dismissing its cross-complaint against the City of Camarillo (Camarillo), cross-defendant and respondent.

On November 7, 1974, after dark, plaintiff John Larsen was a passenger in a vehicle operated by Joel Capps, who was driving northbound on Springville Road located in Ventura. Capps had turned right onto Springville Road after exiting the Ventura Freeway. At this point Springville Road ran approximately one mile, and dead-ended in a flood control channel known as Beardsley Creek. The first half mile of Springville Road was within the city limits of Camarillo, and the last half mile was in an unincorporated area of Ventura. At the "T" intersection, where Capp turned onto Springville Road from the freeway, Camarillo had erected a sign that stated "NOT A THROUGH STREET." Capp drove his car into Beardsley Creek at the end of Springville Road, injuring Larsen. Larsen sued Ventura, Camarillo, and the City of Oxnard (not involved in this appeal) for negligence. Ventura sued Camarillo by means of a cross-complaint alleging that Camarillo's negligence was the proximate cause of Larsen's injuries.

Camarillo filed a motion for summary judgment on both the complaint and cross-complaint, alleging that it had no control over the road for the last half mile and therefore could not be responsible for its dangerous condition. Ventura filed an opposition to the motion, stating that the

complaint alleged that one of the reasons for the accident was the inadequate signing and warning devices. It then stated in its opposition that the sign in question was "in somewhat of a state of disrepair on the date of the alleged accident and unreflectorized." It also stated that driver Capp testified in his deposition that he did not see the sign but had he seen it, he would not have proceeded down Springville Road. Plaintiff Larsen did not oppose the motion. The court granted Camarillo's motion, thereby dismissing it as a defendant to Larsen's action and as a cross-defendant to Ventura's action.

Ventura then requested that the summary judgment as to it be set aside to enable it to file an amended cross-complaint. This motion was granted and Ventura, relying on *American Motorcycle Assn.* v. *Superior Court* (2 Civ. No. 49032) (Cal.App.) (vacated *American Motorcycle Assn.* v. *Superior Court*, 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899], *infra*), amended its cross-complaint to seek partial indemnity from Camarillo. Plaintiff Larsen was not involved in these proceedings and Camarillo's dismissal from the principal action remained in force.

Camarillo again filed a motion for summary judgment as to Ventura's amended cross-complaint. Both parties appeared at the hearing through their attorneys. No written opposition to the second motion for summary judgment was filed by Ventura, but Ventura's counsel contends he informed the court that Ventura incorporated its opposition and points and authorities filed earlier in connection with the first motion. The court again granted the motion of Camarillo, and this appeal followed.

Camarillo argues that the dismissal was proper because the record is devoid of evidence that Camarillo had a duty to maintain the sign in question; the condition of the sign was not a proximate cause of the accident as a matter of law; and the alleged defectiveness of the sign did not create a substantial risk of injury but at most created a minor, trivial or insignificant risk.

The opinion of *American Motorcycle Assn.* v. *Superior Court*, 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899], has added some new dimensions to the issues first raised by the parties to this appeal. This recent case permits, in appropriate cases, a right of partial indemnity[1] among multiple tortfeasors. Liability is apportioned on a comparative negligence basis. Prior to *American Motorcycle*, California did not recognize

---

[1]In most cases, the distinction between indemnification and contribution has, in a practical sense, been eliminated by the *American Motorcycle* opinion.

such a rule. If one tortfeasor's negligence was active and the other tortfeasor's negligence was passive, the courts adopted an all or nothing approach and no indemnification was recoverable from the latter participant.[2] Now, a defendant can file a cross-complaint against other named defendants, or against unnamed parties, seeking partial indemnification. In our present case, Camarillo was originally named by Larsen in his complaint as a multiple tortfeasor, but he apparently was not enthusiastic about his chances against Camarillo because he did not contest Camarillo's motion for summary judgment against him. Ventura could not appeal the summary judgment leading to Camarillo's dismissal from the Larsen action; therefore, Camarillo was in effect an unnamed defendant in the principal action when the court granted its motion for summary judgment on Ventura's cross-complaint. One count of the cross-complaint sought partial indemnity from Camarillo. ▮▮▮ The first issue confronting us therefore is whether the law of *American Motorcycle* is to be applied retroactively. This is important because under the facts of this case Ventura would probably be the "actual" or "primary" tortfeasor, and under prior law, it would have no right to partial indemnity. The court's order dismissing Ventura's cross-complaint would then be correct.

Recent California cases have taken a middle course on the issue of retroactivity and have made the decisions apply to any case in which no final judgment has yet been rendered. (See 6 Witkin, Cal. Procedure (2d ed. 1977 pocket supp.) § 705A, p. 79 and cases cited.) In *In re Marriage of Brown*, 15 Cal.3d 838 [126 Cal.Rptr. 633, 544 P.2d 561], the court overruled long-standing law on division of nonvested pension rights in marriage dissolution proceedings. The law overruled had been enunciated in some detail in *French* v. *French*, 17 Cal.2d 775 [112 P.2d 235, 134 A.L.R. 366]. As one of its reasons for applying limited retroactivity to cases still pending, the court said the rule in *French* "was ripe for reconsideration," and the unfairness of the *French* rule "should not be perpetuated by denial of *any* retroactive effect to our decision." (15 Cal.3d at p. 850.)

In *American Motorcycle* Justice Tobriner, writing for the majority, explains in detail why the adoption of the doctrine of equitable indemnification between multiple tortfeasors was long overdue. In brief, the seeds for the rule were sown before *Li* v. *Yellow Cab Co.,* 13 Cal.3d

---

[2]Other similar terminology used by the courts in defining the negligence of multiple tortfeasors was "primary-secondary" and "direct-indirect."

804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393], and after *Li* it was almost a foregone conclusion that the doctrine would soon become law.[3] And in the recent case of *Daly* v. *General Motors Corp.,* 20 Cal.3d 725 [144 Cal.Rptr. 380, 575 P.2d 1162], the court applied the principles of comparative negligence expressed in *Li* v. *Yellow Cab Co., supra,* 13 Cal.3d 804, to actions founded on strict products liability. On the question of retroactivity, the court stated at pages 743-744 "We conclude that, for reasons of public policy and the reasonable expectations of the parties to this action and litigants generally, the principles herein expressed shall apply to all cases in which trial has not begun before the date this opinion becomes final in this court. No judgment based upon a trial which was commenced prior to the finality of this opinion shall be reversible on appeal on the sole ground that principles of comparative fault were not applied. If any such judgment is reversed on appeal for other reasons, the principles herein expressed shall be applicable to any retrial commenced after this opinion becomes final in this court. [Citations.]"

*American Motorcycle* is quiet in respect to its retroactive effect, but it appears to us that the reasoning in *Brown* is apposite here and the law of equitable indemnification should be applied retroactively under the formula enunciated in *Daly.* In our present case, Larsen's trial has been concluded.[4] Ventura, however, was denied an opportunity to have its cross-complaint litigated because of the summary judgment dismissing Camarillo; therefore, there was no trial as between these two parties. The *Daly* test that retroactivity should not apply after a trial where reversal is on the sole ground that principles of comparative fault were not considered, is inapplicable. If a cause of action against Camarillo has been alleged, Ventura is entitled to a determination by a court on the partial indemnity count of. its cross-complaint. There is precedence for such a bifurcated hearing in *City & County of S.F.* v. *Ho Sing,* 51 Cal.2d 127 [330 P.2d 802], (cited with approval in *American Motorcycle, supra,* 20 Cal.3d at p. 593); therefore, there is not reason why the issue of apportionment of the $30,000 judgment between parties cannot be tried separately.

The final issue, therefore, is whether a cause of action has been pleaded against Camarillo under the facts of this case. ■ In order to establish the liability of a public entity for a dangerous condition of public

---

[3] The *Li* opinion also gave the same limited retroactivity to the decisional law of comparative negligence.

[4] A jury awarded Larsen $30,000 against Ventura.

property under the Tort Claims Act (Gov. Code, § 810 et seq.), a plaintiff must prove that (1) the property was in a dangerous condition at the time of the injury; (2) the injury was proximately caused by the dangerous condition; (3) the dangerous condition created a reasonably foreseeable risk of the kind of injury which occurred; and (4) the public entity had actual or constructive notice of the dangerous condition a sufficient time prior to the injury to have taken measures to protect against the dangerous condition (see *Ducey* v. *Argo Sales Co.,* 78 Cal.App.3d 293, 300 [144 Cal.Rptr. 247], and cases cited therein). ▇▇▇ It was alleged that Camarillo's sign proximately caused the accident because it was not seen by the driver, Capp, due to its state of disrepair and ineffective lighting. Camarillo apparently knew of the dangerous condition at the end of the road and could reasonably foresee that its defective sign might be an inadequate warning to drivers using Springville Road. The sign obviously had been up for a long period of time and Camarillo should have been aware of its condition. It is no defense in this case that the eventual dangerous condition that caused the accident was on property outside Camarillo's jurisdiction. A cause of action has been stated and it is now up to the trier of fact to determine the truth or falsity of the allegations and whether Ventura is entitled to partial indemnity. We cannot, as urged by Camarillo, state as a matter of law that the sign, if it was defective, played only a minor or trivial part in the accident. (§§ 830, subd. (a) and 830.2 of the Gov. Code).

The judgment dismissing Ventura's cross-complaint for partial indemnity is reversed.

Kaus, P. J., and Ashby, J., concurred.

On May 31, 1978, the opinion was modified to read as printed above.