NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-3325

JOHN H. STRAITON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: December 8, 2006

_____

Before RADER and DYK, <u>Circuit Judges</u>, and WHYTE, <u>District Judge</u>.[*]

RADER, <u>Circuit Judge</u>.

John H Straiton petitions for review of the final decision of the Merit Systems Protection Board (Board) that affirmed the decision of the Office of Personnel Management (OPM). OPM based Mr. Straiton's share of his retirement annuity on Mr. Straiton's actual monthly annuity payment at the time of retirement rather than on a hypothetical monthly annuity payment based on his salary at the time of his divorce. <u>Straiton v. Office of Pers. Mgmt.</u>, No. AT-0831-05-0798-I-1 (MSPB Nov. 18, 2005)(Final Decision). Discerning no error, this court <u>affirms</u>.

I

_____

[*]  Honorable Ronald Whyte, District Judge, United States District Court for the Northern District of California, sitting by designation.

John and Esther Straiton divorced on April 10, 1987 after approximately sixteen and one-half years of marriage. On September 3, 2000, Mr. Straiton retired from the federal government after thirty-three years of federal service. Upon his retirement, OPM calculated the division of his retirement annuity based on a hypothetical annuity using an "average pay" of $50,354 - the pay Mr. Straiton expected to receive at the time of the divorce under the couple's marriage settlement agreement (MSA).

More than three years after Mr. Straiton retired, OPM reconsidered its interpretation of the divorce judgment. OPM concluded that the divorce judgment did not contain express language limiting Mrs. Straiton's portion of Mr. Straiton's annuity to the annuitant's pay level at the time of the divorce. OPM further concluded the express language of the divorce judgment did not limit the "total years of service" in the annuity formula to the length of service at the time of the divorce. Additionally, OPM granted Mrs. Straiton annual cost-of-living adjustments.

Based on its revised interpretation of the divorce judgment, OPM determined it had underpaid Mrs. Straiton and overpaid Mr. Straiton a total of $24,123.31. On July 1, 2004, OPM notified Mr. Straiton of OPM's intent to recover these funds. Mr. Staiton appeals.

II

This court must affirm the Board's decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been

followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

A former spouse receives that portion of an employee's retirement benefits expressly provided in a divorce order. 5 C.F.R. § 838.1004(a) (2006). Further,

[u]nless the court order directly and unequivocally orders otherwise, a court order that awards a former spouse a portion of an employee annuity either on a percentage basis or by use of a fraction or formula provides that the former spouse's share of the employee annuity will be adjusted to maintain the same percentage or fraction whenever the employee annuity changes as a result of--

(i) Salary adjustments occurring after the date of the decree and before the employee retires; and

(ii) Cost-of-living adjustments occurring after the date of the decree and after the date of the employee's retirement.

5 C.F.R. § 838.622(b)(1) (2006).

The After Acquired Property and Retirement Rights sections of the MSA are as follows:

10. AFTER ACQUIRED PROPERTY: All income, earnings, or other property received or acquired by either party to this agreement on or after the date of separation shall be the sole and separate property of the receiving or acquiring party. Each party as of the effective date of this agreement, does hereby and forever waive, release and relinquish all right, title, and interest in and to such income, earnings, or other properties so received or so acquired by the other party.

22. RETIREMENT RIGHTS:
For 16½ years during the marriage of the parties, Husband was employed as a civil servant in the United STates [sic] government (NASA), and is to be rated GS 14, Step 5, at a salary rate of $50,354 to commence upon his entering into work at Kennedy Space Center, Florida. (The parties acknowledge that in California they enjoyed a higher income from husband's employment, due to special pay reflecting California's higher cost of living).
The parties agree that based on the 16½ years as set forth above, the community property equation as to wife's rights in said

retirement, is ½ x 16½ over total years of service, x monthly income.

The parties further agree that, upon Husband's retirement from the employment giving rise to retirement rights recited herein, the income then received shall be divided between the parties according to the formula above-cited; and that husband will do nothing to prevent such income from being divided at the source, to the extent that such division is available from the paying source at that time. (Emphasis added)

In addition to the MSA, the divorce judgment includes an "Attachment to Judgment of Dissolution of Marriage," reciting, *inter alia*,

IT IS FURTHER ORDERED that petitioner is entitled to a community property share of Respondent's NASA retirement income as follows: ½ x 16½ over total years of service x monthly income. Upon Respondent's retirement from NASA employment, the income then received shall be divided according to the above formula and Respondent shall do nothing to prevent such income from being divided at the source. (Emphasis added.)

Mr. Straiton argues the phrase "as set forth above" in section 22 of the MSA refers to the $50,354 salary recited in the preceding paragraph. OPM, however, suggests a more natural reading of section 22 in which "as set forth above" refers to, and emphasizes the "16½ years" recited in the preceding paragraph and repeated just before to "as set forth above." Further, although MSA refers to Mr. Straiton's expected salary at the time of the divorce, it does not expressly require use of this salary in the calculation of the division of the annuity.

Regarding Mr. Straiton's argument that OPM's revised interpretation creates an inconsistency between sections 10 and 22 of the MSA, this argument necessarily requires equating retirement income as an after acquired income, earnings, or other property. The Board, however, explicitly found retirement benefits are not income, earnings, or property and that section 10 does not apply.

Indeed, Mr. Straiton's reading of a conflict between sections 10 and 22 would completely render section 22 ineffective.

Additionally, Mr. Straiton's relies on <u>In re Marriage of Brown</u>, 15 Cal.3d 838, (1976) for the proposition that division of his retirement annuity must be based on his salary at the time of his divorce. His reliance on <u>Brown</u> is misplaced. In overruling <u>French v. French</u> 17 Cal.2d 775 (1941), the California Supreme Court merely held that non-vested pension rights are community property. 15 Cal.3d at 842. <u>Brown</u> enunciates only the unremarkable proposition that community property, including rights to community assets not yet vested, must be divided equally at the time of divorce. <u>Id</u>. at 847-48. <u>Brown</u> says nothing regarding the actual determination of the community property or its division.

For the foregoing reasons, this court affirms the final decision of the Board.