COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

Charles R. and Irene WILKERSON, Respondents.

No. 20825.

United States Court of Appeals Ninth Circuit.

Oct. 21, 1966.

As Amended Nov. 29, 1966.

Mitchell Rogovin, Asst. Atty. Gen., Meyer Rothwacks, Harry Baum, Martin T. Goldblum, Attys., Dept. of Justice, Washington, D. C., for petitioner.

Robert Edwin Davis, Wentworth T. Durant, Dallas, Tex., for respondents.

Before HAMLEY and BROWNING, Circuit Judges, and MATHES, District Judge.

PER CURIAM.

The Commissioner of Internal Revenue determined a deficiency in the 1961 income tax of Charles R. and Irene Wilkerson, in the amount of $204.56. Taxpayers petitioned the Tax Court for a redetermination of the deficiency. The Tax Court decided that there is no deficiency, its opinion being reported at 44 T.C. 718. The Commissioner has petitioned this court to review that decision.

Charles R. Wilkerson retired from the United States Army on November 30, 1944, after more than thirty years' service. In the joint income tax return filed by Wilkerson and his wife for the year 1961, they reported retirement pay in the amount of $3,199.68. In computing the retirement income credit authorized by section 37 of the Internal Revenue Code of 1954, 26 U.S.C. § 37 (1964), the taxpayers attributed one-half of the retirement pay, or $1,599.84, to Mrs. Wilkerson. This resulted in a credit of $204.56 attributed to the wife's portion of the retirement pay and a credit of $240 attributed to Wilkerson's portion, or a total retirement income credit of $444.56 for 1961.

In his deficiency determination the Commissioner ruled that the taxpayers were not entitled to that portion of the retirement income credit claimed on their

return applicable to Mrs. Wilkerson in the amount of $204.56. The reason for this disallowance, the Commissioner indicated, was that the taxpayers had not established that the Army retirement pay, upon which such credit is based, is community income.

In so concluding, the Commissioner held that Army retirement pay represents additional compensation for past services; that its status as community or separate property is therefore not dependent upon marital status and state of domicile at the time the retirement pay is received, but upon marital status and state of domicile when it was "earned" during the thirty years of Army service; and that, accordingly, Wilkerson's retirement pay in 1961 was community property in the proportion which marital status and domicile in a community property state throughout the thirty-year period bear to the entire thirty-year period.

Wilkerson enlisted in the Army on October 26, 1914, while domiciled in Ohio, which is not a community property state. During his thirty-year military career, Wilkerson served tours of duty in various states and the Philippine Islands. He served his longest tour of duty in Arizona, from December, 1922, to May, 1941. He also served the final nine months of his service in Arizona, being transferred to that state in February, 1944, and retiring there the following November. The Wilkersons were married on August 6, 1941.

In disallowing the entire retirement income credit claimed for Mrs. Wilkerson, the Commissioner ruled that Wilkerson was domiciled in Ohio throughout his entire military career, and that therefore, under the Commissioner's legal premise stated above, none of the retirement pay received in 1961 was community property. Before the Tax Court the Commissioner claimed, in the alternative, that assuming that the taxpayers were domiciled in Arizona for the last nine months of Wilkerson's military service, Arizona law requires that only the portion of the retirement pay earned after establishing such domicile and while Wil-

kerson was on active duty be treated as community property.

The Tax Court held that the taxpayers were domiciled in Arizona from February to November, 1944. The court also held that, under Arizona community property law, the retirement pay received in 1961 by the Wilkersons while domiciled in that state was community property, without regard to the marital status of the parties during the thirty-year period of military service or where they were domiciled during that period.

For the reasons stated in the reported decision of the Tax Court, we agree with these rulings.

Affirmed.