ALBERT C. WALLACE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wallace v. Commissioner
Docket No. 10674-83.
United States Tax Court
T.C. Memo 1985-96; 1985 Tax Ct. Memo LEXIS 537; 49 T.C.M. (CCH) 864; T.C.M. (RIA) 85096; March 4, 1985. Albert C. Wallace, pro se. Gary A. Benford, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined deficiencies in individual income tax, together with additions to the tax, against petitioner for the calendar years 1979, 1980 and 1981 as follows: Additions to the Tax - Sections [1]
Years
Deficiency
6651(a)
6653(a)
6654
1979
$653.00
$151.51
$32.51
$25.21
1980
844.00
211.00
42.20
53.75
1981
844.00
211.00
42.20
64.65
By amendment to his answer herein, respondent conceded all deficiencies and additions to tax for 1979, but claimed additional deficiencies and additions to tax for 1980 and 1981, based upon his allegations of additional unreported taxable income of petitioner in the respective amounts of $376.62 and $3,462.98. The taxes and additions to tax *539 thus remaining in issue are: Additions to the Tax - Sections
Years
Deficiency
6651(a)
6653(a)
6654
1979
$0.00
$0.00
$0.00
$0.00
1980
978.01
244.50
48.90
62.27
1981
2,267.11
566.78
113.35
173.64
After concessions, the issues to be decided are: 1. Whether petitioner was taxable on his one-half community property share of his nondisability retirement pay from the United States Air Force in 1980 and 1981. 2. Whether petitioner is taxable on his one-half share of interest income in 1980. 3. The amount of petitioner's share of taxable net income from a crop dusting business conducted by petitioner in 1980 and 1981. 4. Whether petitioner is liable for self-employment tax for 1980 and 1981. 5. Whether petitioner suffered a short term capital loss in 1981, and the amount thereof. 6. Whether petitioner is liable for additions to tax in each year under (a) Section 6651(a), (b) Section 6653(a), and/or (c) Section 6654. Petitioner was married and resided with his wife in Roswell, New Mexico, throughout the years before us, and this was also his address at the time of the filing of the petition herein. For convenience, *540 our remaining findings of fact and opinion with respect to the issues presented in this case are grouped together. Issue 1. Nondisability Retirement Pay.
Issue 2. Interest Income.
Petitioner began receiving nondisability retired pay from the United States Air Force in 1979. In 1980, petitioner received $15,219.02 from this source, and received $15,301.97 in 1981. Petitioner also received $17 in interest income from an insurance company in the year 1980. In the forms 1040 which petitioner filed with respondent for the years 1980 and 1981, no part of such amounts was reported. In his statutory notice of deficiency herein, respondent determined that one-half of each of said amounts was taxable to petitioner in the years in question, under the community property laws of New Mexico. At trial and on brief, petitioner did not contest the correctness of respondent's determination with respect to these items, contending only that by reason of other losses by him during these years (discussed infra), he had no net taxable income. Respondent's determinations with respect to these items were clearly correct, and are approved. Poe v. Seaborn,282 U.S. 101 (1930); *541 N.M. Stat. Ann. secs. 40-3-8, 40-3-12 (1978); see Wilkerson v. Commissioner,44 T.C. 718 (1965), affd. per curiam 368 F.2d 552 (9th Cir. 1966). Issue 3. Net Income From Crop Dusting Business.
In his answer to the petition, respondent affirmatively alleged that petitioner had additional unreported income (over and above that contained in his statutory notice) for the years 1980 and 1981, in the respective amounts of $376.62 and $3,462.98. Respondent alleged that these amounts represented petitioner's community property half share of the net profits of a crop dusting business conducted by petitioner during these years. As a new issue raised by respondent for the first time in his answer, respondent bears the burden of proof on this item. Rule 142(a). The parties stipulated that petitioner owned and operated a crop dusting business in Texas throughout 1979, 1980 and 1981. It was further stipulated, and we so find, that petitioner had $27,614.95 in gross receipts from this business for 1980, and $38,501.00 in 1981. From these amounts, respondent has conceded that petitioner had allowable deductions in the form *542 of cost of goods sold and other expenses connected with the business, reducing the income from the crop dusting business in 1980 to a net of $753.24, and to $6,925.95 in 1981. Attributing one-half of these net income amounts to petitioner under New Mexico community property law, respondent contends that petitioner had additional unreported income in the amounts of $376.62 for 1980 and $3,462.98 for 1981. At this point, respondent made a prima facie case in carrying his burden of proof on this issue, and the burden shifted to petitioner to go forward with the evidence and show additional deductions, over and above those allowed by respondent. Other than his vague and unsupported testimony that there were other allowable deductions which respondent had failed to allow, petitioner failed to carry his burden to establish any other allowable deductions, and we accordingly sustain respondent on this issue. [2]
*543 Issue 4. Claimed Short-term Capital Loss for 1981.
For the year 1981, petitioner claimed that he should be allowed a short-term capital loss in the amount of $7,782.76, on account of certain farmland in Oklahoma in which he claimed to have an interest and which was sold in that year. The only evidence offered by petitioner on this issue, however, was his vague and generalized testimony that his mother had died in 1978 and that he had acquired a partial interest in the property through inheritance in 1981 (the three-year time gap is unexplained), and that thereafter the land was sold at a sheriff's sale. Petitioner, however, offered no evidence to show what his cost basis was in this property, how long he had held it, the time and the price at which it was sold, and the expenses of sale. We can accordingly make no findings of fact with respect to this issue, and respondent must be sustained for petitioner's failure to carry his burden of proof. Issue 5. Self-employment Tax.
As we have found (Issue 3, supra), and as petitioner has conceded, he was engaged in the crop dusting business in 1980 and 1981 as a self-employed individual. As the result *544 of having derived net taxable income from this activity, therefore, as we have found, petitioner had income from self-employment within the meaning of section 1402, and is liable for self-employment tax as prescribed by section 1401, in an amount to be determined herein pursuant to the recomputation under Rule 155. Issue 6. Additions to Tax.
In his statutory notice of deficiency, respondent determined additions to tax against petitioner under the provisions of section 6651(a), 6653(a) and 6654. With respect to section 6651(a), petitioner filed with respondent forms 1040 for each of the years 1980 and 1981, in which, after giving his name, address, and social security number, and after claiming two exemptions, petitioner gave no other information from which his gross income, deductions and net taxable income could be determined. Instead, on each line of the form 1040, petitioner stamped in the words "none" or "object: self-incrimination." Such documents do not constitute tax returns within the meaning of section 6011. United States v. Porth,426 F.2d 519 (10th Cir. 1970). The burden of proof was on petitioner to show that his failure to file a timely *545 return was due to reasonable cause and not to willful neglect, section 6651(a); Neubecker v. Commissioner,65 T.C. 577, 586 (1975). Petitioner offered no explanation either at trial or on brief for this failure, and accordingly we sustain respondent. With respect to the additions to tax under section 6653(a), the burden of proof was likewise on petitioner to show that his failure to file proper returns was not due to negligence or intentional disregard of respondent's rules and regulations, within the meaning of section 6653(a). Enoch v. Commissioner,57 T.C. 781, 803 (1972). Here again, petitioner offered no explanation as to his failure or refusal to file proper returns and disclose his income from sources (his pension and his crop dusting business) which were clearly taxable. We accordingly sustain respondent. With respect to the additions to tax under section 6654, determined by respondent to be due, that Code section provides that an addition to tax, as computed in section 6654, shall be imposed whenever there is an underpayment of estimated tax. The addition is mandatory unless one of the exceptions provided in section 6654(d) applies. *546 Reaver v. Commissioner,42 T.C. 72 (1964). The burden was on petitioner to show that one of the prescribed exceptions to the addition to tax applies, Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980).Petitioner did not address this issue at all, either at trial or on brief, and there was no showing that he made any payments of estimated tax for the years in question. We accordingly sustain respondent. To give effect to the above, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. At trial, petitioner introduced forms 1040 prepared by him but not filed with respondent, and apparently prepared in anticipation of trial, in which additional alleged allowable expenses were shown with respect to the crop dusting business. Petitioner also attempted to introduce into evidence worksheets prepared by himself, covering additional unallowed expenses. Such self-serving documents were clearly inadmissible as evidence, absent proof of the underlying data, and were refused.↩